## Hagan Lumber Co., Appellant, *v.* Duryea School District.

*School law—Buildings—Board of directors—Contract for building—Contract for insurance—Acts of February 4, 1870, P. L. 14; May 18, 1911, P. L. 309; July 10, 1919, P. L. 889.*

1. A school board charged with the duty of erecting school buildings may, in the absence of legislation to the contrary, include in its contracts therefor the usual clauses appearing therein.

2. A covenant is valid which requires the owner, in a building contract, to take out fire insurance covering all work and materials on the property, payable to the parties as their interest may appear, and, on a failure or refusal to comply therewith, the owner will be held liable to the contractor if he suffers loss by reason of the omission.

3. The Act of February 4, 1870, P. L. 14, forbidding other than corporate insurance, has no relation to such provision.

4. There is nothing in section 403 of the School Code of May 18, 1911, P. L. 309, 330, or in section 617 of the code as amended by the Act of July 10, 1919, P. L. 889, which forbids the insertion of such a provision in contracts for the erection of school buildings, or prevents the recovery thereon upon a failure to comply therewith.

5. If such a provision exists, and the owner notifies the contractor that he cannot or will not obtain the insurance, the latter, in case of a fire, can only recover the premiums he would have had to pay had he taken out such insurance; but, in the absence of a notice to that effect, he is entitled to assume the owner will comply with the contract, and may recover whatever damages he actually sustains.

6. Where a fire has taken place, and the owner collects the insurance upon a policy in his own name, he cannot, by distributing a portion of it to the contractor, relieve himself from liability to the latter, under a provision requiring him to maintain insurance payable to the parties as their interests may appear.

*Trial—Evidence—Oral evidence—Case for jury—Practice, C. P.*

7. Where the determination of a question depends on oral evidence it can be resolved only by the verdict of a jury.

Argued April 10, 1923.  Appeal, No. 240, Jan. T., 1923, by plaintiff, from judgment of C. P. Luzerne Co., March T., 1918, No. 50, on verdict for plaintiff, in case of Hagan Lumber Co. v. Duryea School District.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.  Reversed.

Assumpsit on a written contract for erection of a school building.  Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant.  Plaintiff appealed.

*Error assigned,* inter alia, was refusal of plaintiff's motion for judgment n. o. v., quoting record.

*A. T. Walsh,* with him *F. J. Helreigel* and *T. A. Donahoe,* for appellant.

*G. J. Clark,* for appellee, was not heard.

OPINION BY MR. JUSTICE SIMPSON, April 30, 1923:

After proper competitive bidding, defendant's board of directors accepted plaintiff's bid for the erection of a school house, and directed its officers to enter into a specific contract with plaintiff, by which the latter was required to fully complete the building according to the plans and specifications upon which it had bid, and, when completed, to deliver it to the board, pending which defendant agreed to "maintain insurance on the same against loss or damage by fire, the policies to cover all work incorporated in the building, and all materials for the same in or about the premises, and to be made payable to the parties hereto as their interests may appear." The contract was duly executed and the work proceeded

with, but the insurance thus required was never taken out, nor was plaintiff notified it had not been. Certain policies were secured by defendant, payable to itself alone, and providing moreover that recovery could be had for only three-fourths of any loss which might occur.

The building burned down before it was entirely completed. The board tried to induce plaintiff to agree to a settlement on the basis of the policies it had taken out, and the loss as adjusted by the insurance companies, but this proposition was declined. The board thereupon made settlement on its own responsibility, later apportioned the fund received and paid to plaintiff only a part of its loss. Upon notification so to do, the latter completed the building (which was accepted by the board), and then sued herein to recover the contract price, plus the loss it sustained by the fire, less certain admitted credits. The court below gave binding instructions for defendant, refused plaintiff's motion for judgment non obstante veredicto, and the latter appeals from the judgment entered on the verdict.

It is clear plaintiff can recover unless some statute or public policy forbids it. The provision of the contract, above quoted, expressly required defendant to "maintain [fire] insurance......to cover all work......and all materials......[the policies to be] made payable to the parties hereto [that is, to plaintiff and defendant] as their interests may appear." Admittedly this was not done, and for whatever damage resulted the defaulting owner would ordinarily be liable: McAlpine v. Trustees of St. Clara Female Academy, 101 Wis. 468; Gallagher v. St. Patrick's Church, 45 Neb. 535; Watts v. Shuttleworth, 5 Hurlstone & Norman 235; Same v. Same, 7 Hurlstone & Norman 353.

In the first of these cases,—where, so far as regards the form and amount of the policies, the contract was in all essential respects the same as here,—it was said at page 475: "There was pleaded a good cause of action for damage for breach of contract......to be measured by

the loss which resulted to plaintiff directly and naturally by the breach of the insurance clause of the contract. The insurance taken out by the defendant trustees cuts no figure in the case whatever......[because the policies] ought to have been taken out in the names of both parties, loss payable, if any, according to their respective interests. There was a plain breach of that portion of the building contract......[which] did not contemplate open policies, but did contemplate insurance from time to time; and the respective interests of the parties in the building when the breach of contract took place, resulting in the loss complained of, furnishes the proper data for determining plaintiff's damages." Clearly, therefore, under ordinary circumstances, defendant would be liable for the value of *"all work* incorporated in the building, and *all materials* for the same in or about the premises," because of its failure to insure plaintiff against loss by fire so far as relates thereto; hence our next inquiry is, was there any statute forbidding the making of such a contract?

Upon this point defendant refers to and relies upon the Act of February 4, 1870, P. L. 14, which forbids insurance except by virtue of an "authority expressly conferred by a charter of incorporation." The statute has no relevancy to the present controversy for the contract here does not require defendant to insure, but to "maintain insurance......payable to the parties hereto as their interests may appear." If we were to sustain the contention now made, great harm would result, for the insurance clauses appearing in most of the modern mortgages, would be invalidated thereby. This consideration alone would not defeat the argument, but it calls for serious thought; without it, however, we are clear the statute is inapplicable.

Defendant further alleges that, because it is a school district, sections 403 and 617 of the School Code of May 18, 1911, P. L. 309, 330, 350 (the latter section being amended by the Act of July 10, 1919, P. L. 889), stand

in the way of recovery. We do not so construe them. Section 403 requires the affirmative vote of a majority of the members of the board of school directors in making a contract; section 617, that contracts shall be awarded to the lowest and best bidder after due public notice has been given, upon proper terms asking for competitive bids. Compliance was had with these sections, neither of which touches the present question, however, for they do not deny the right to insert, in the resulting contract, a provision requiring insurance to be taken out for the benefit of both the parties to it. As the board is charged with the duty of erecting such buildings, it may, in the absence of legislation to the contrary, include in its agreements the usual clauses appearing in building contracts; this is one of them, and is, moreover, advantageous to the school district, because prospective bidders, thereby knowing they will be protected from this character of loss, will feel more inclined to bid at reasonable prices, for the school district and all its taxpayers are, under these circumstances, interested with the contractor in seeing that no fire occurs.

Plaintiff's damage is not to be measured by the premium it would have had to pay, had it taken out insurance to protect it against such a loss. This would be the measure had defendant notified plaintiff the insurance would not be or could not be obtained (Veley v. Clinger, 18 Pa. Superior Ct. 125), for in that event plaintiff would be required to minimize the possible loss, if it elected to continue performance of the contract notwithstanding. No such notice appears to have been given, however, and, in the absence thereof, plaintiff was entitled to assume defendant would comply with its contract, and may recover the damages actually sustained because of its failure so to do.

The payments made by defendant to plaintiff, out of the fund received from the insurance companies, do not operate to estop plaintiff or to ratify the settlement. Admittedly the latter was made without plaintiff's consent,

and the payments, though described as "all the payments under net insurance of $10,407.42," were not even required to be and were not in fact received in full of plaintiff's claim; they were in full of the amount received by defendant from the insurance companies, not of that due to plaintiff.

It follows that the existing record does not sustain the instructed verdict, and the judgment thereon must be reversed. We cannot, however, enter judgment for plaintiffs non obstante veredicto. They had the burden of proving the disputed extent of the loss, and since its complete establishment depended on oral evidence, the amount can only be determined by the verdict of a jury, under proper instructions from the court: Second National Bank v. Hoffman, 229 Pa. 429; Bradican v. Scranton Ry. Co., 260 Pa. 555; Shaughnessy v. Director General of Railroads, 274 Pa. 413.

The judgment of the court below is reversed and a venire facias de novo awarded.