Zortman, Appellant, v. Volk et ux.

138

Argued April 23, 1929.

Before Trexler, Keller, Gawthrop, Cunningham and Baldrige, JJ.

*John E. Winner,* for appellant, cited: Hartzell v. Ebbvale Mining Co., 239 Pa. 602; Haworth v. Truby, 138 Pa. 222.

*Harry J. Thomas,* for appellee, cited: Waynesboro Mutual Fire Insurance Co. v. Creaton, 98 Pa. 451; First National Bank of Carlisle v. Graham, 79 Pa. 106.

OPINION BY BALDRIGE, J., July 2, 1929:

The defendants conceded that they had not paid five hundred ($500) dollars, the sum sued for, under an agreement whereby they purchased a lot of ground with a dwelling erected thereon. They set up a counterclaim of twenty-three hundred ninety-four dollars and seventy-four cents ($2,394.74) for damages due to the neglect of the plaintiff to assign a twenty-five hundred ($2,500) dollar policy in the Superior Fire Insurance Company in accordance with his agreement, in addition to the sixty-five hundred ($6,500) dollar policy that was assigned.

About two weeks after the deal had been closed, subsequent to the fire, the plaintiff attempted to assign the twenty-five hundred ($2,500) dollar policy but the insurance company would not agree to recognize the assignment. The plaintiff contends that he had retained possession of the unassigned policy at the request of the defendants. The defendants testified that the plaintiff, when they asked him about the transferring of the policy, said, "Don't bother about that. I will take care of it. All I have to do is to call up Frank Young over the telephone and it is taken care of. You don't need to worry about that at all. I will take care of it."

The jury found by their verdict that the plaintiff had agreed to assign the policy and assumed the responsibility of giving proper notice to the insurance company. He conceded that he had left town shortly after the sale had been consummated and did not return for some days. As a result of his failure to do

that which he had agreed to do, he is liable for the damages sustained.

The plaintiff contends that if he is liable, the damages are limited to the sum that would have procured a similar policy instead of the amount collectible under the policy, if it had been valid: Dobb v. Jones, 137 Mass. 322, supports that doctrine. But the measure of damages followed in our own State for many years, and the generally recognized rule, is, that if one who agrees to procure insurance is in no way negligent but acts with reasonable diligence in the matter of procuring insurance, he is not liable in damages by reason of failure to cover the loss, but one who enters into an agreement to obtain insurance and neglects to fulfill his obligation becomes himself insurer and liable as such.

In Hagan Lumber Co. v. Duryea School District, 277 Pa. 345, the plaintiff was a successful bidder for the erection of a school house and the defendant agreed to maintain insurance against loss by fire. Insurance was not taken out, nor was the plaintiff notified to that effect. The court held that the plaintiff's damage was not to be measured by the premium it would have had to pay had it taken out insurance. That would have been the proper measure had the defendant notified the plaintiff that insurance would not be obtained, but as no such notice had been given plaintiff, it was entitled to assume that the defendant had complied with his contract and could recover the damages actually sustained. That rule has been recognized at least since French v. Reed and Forde, 6 Binney's Reports 308. See also Cooley's Brief on Insurance, Vol. 1, 459; Shoenfeld v. Fisher, 73 Ill. 404; Lindsay v. Pettigrew, 5 S. D. 500; Mayhew v. Glazier, 68 Colo. 350; Soule v. Union Bank, 45 Barb. (N. Y.) 111.

The plaintiff further contends that he should not have been precluded from showing that the award of

the appraisers was excessive. The measure of damages for which he was liable was the loss that naturally and ordinarily resulted from the breach of his contract with the defendants: Billmeyer v. Wagner, 91 Pa. 92; 8 R. C. L. 461, section 28; Sedgwick on Damages, section 141, page 261. If the contract with the insurance company had been in force, the loss recoverable under the policy would have been determined by the appraisers, as they were appointed in accordance with the terms of the policy. It was the only remedy available and the sole method of determining the defendant's loss. As the findings of the appraisers were unappealed from, they are conclusive. The testimony was properly excluded.

We have examined all the assignments of error and find them to be without merit. The judgment of the lower court is affirmed.