Commonwealth, to use, *v.* Maryland Casualty Company, Appellant.

Argued April 13, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Robert C. Kitchen*, with him *Richard A. Smith*, and *Robert S. Ingersoll, Jr.*, for appellants.

*Herbert A. Barton*, with him *Swartz, Campbell & Henry*, for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 25, 1953:

These appeals are an aftermath of our previous decision in this case reported in 369 Pa. 300, 85 A.2d 83. The parties there were Commonwealth of Pennsylvania to use of Willow Highlands Company v. Maryland Casualty Company and Edward W. Sliker. The com-

plaint filed by the use-plaintiff, Willow Highlands Company, (hereinafter called Willow Company) averred that it had agreed to advance the sum of $5,500.00 on a loan to Herbert and Mary L. Leach to be secured by a mortgage on premises owned by them at 5803 North Seventh Street, Philadelphia; that it delivered to the Land Title Bank and Trust Company (hereinafter called Trust Company) its check in that amount as a special deposit to be used for purpose of the loan; that at the settlement Edward W. Sliker, a notary public, certified that Herbert and Mary L. Leach personally appeared before him and acknowledged the mortgage to be their act and deed; that their purported signatures on the mortgage were forgeries and they had not personally appeared before Sliker or made any acknowledgment before him of the mortgage; that at the settlement the Trust Company issued its settlement check payable to the order of Herbert and Mary L. Leach in the sum of $5,417.75, and gave it to one H. Richard Bennewitt for delivery to them; that Bennewitt forged the endorsements of Herbert and Mary L. Leach on the check, added his own endorsement, and received the amount of the check from the Trust Company; that by reason of these facts Willow Company sustained a loss of $5,500.00, against which it allowed a credit in the sum of $1,133.40, representing a dividend paid by the bankrupt estate of Bennewitt. On the basis of these averments Willow Company sought recovery from Sliker and Maryland Casualty Company, the surety on his official bond, of the sum of $4,366.60 with interest. Maryland Casualty Company filed an answer to the complaint and also new matter in which it averred that the payment made by the Trust Company was not charged by it against the special deposit of Willow Company, but that the latter's money

was refunded to it by the Trust Company so that it suffered no loss whatever in the transaction. Willow Company filed preliminary objections to the new matter and then moved for judgment on the pleadings, which the court below granted. Upon appeal to this court by Sliker and Maryland Casualty Company we held that Sliker's act in making the false certificate of acknowledgment was an efficient proximate cause of the ultimate loss, even though it may not have been the sole cause. We said, (p. 305, A. 2d p. 86) that "without the false certificate the money would not have been paid out at all and the loss would not have occurred since it was not until the mortgage was acknowledged and delivered that the money would have been distributable. Even, therefore, if Bennewitt's subsequent forgeries facilitated the accomplishment of his fraud they did not absolve these defendants from liability; it was Sliker who was primarily and basically responsible." We pointed out, therefore, that the real question was not whether there was a loss for which defendants were responsible, but who suffered that loss, and that, since it was expressly stated in Maryland Casualty Company's new matter that Willow Company's money was not disbursed by the Trust Company but had been returned to Willow Company, the latter had not been "caught in the toils of the Bennewitt transaction at all," and therefore, under the pleadings, had no cause of action against the defendants. We stated that if the fact were that the Trust Company had paid out Willow Company's money and had subsequently made reimbursement, it would have been subrogated to Willow Company's right to recover, or if it had issued its policy of title insurance to Willow Company and had made payment to it in performance of its obligations thereunder it would likewise have been subrogated to Willow Company's

right of action, but that neither of those assumed situations appeared from the facts set forth in the pleadings. Accordingly, we held that, while judgment had been properly entered in favor of the Commonwealth against Sliker and the Maryland Casualty Company, which judgment remained for the satisfaction of all persons entitled to the benefit of the bond, the judgment entered in favor of Willow Company must be reversed, and, further, that permission should be granted to the Trust Company to enter the proceedings and file a complaint, with the right of defendants to file an answer thereto. We remanded the record to the court below for further proceedings in accordance with our opinion.

The "further proceedings" thus invited thereupon ensued. Willow Company filed an answer to the Maryland Casualty Company's new matter. The Trust Company petitioned for leave to intervene as a party use-plaintiff and was granted such permission, whereupon it filed a complaint in which it averred, in addition to the facts previously set forth in Willow Company's complaint, that, after receiving the money of Willow Company, it deposited it in its settlement funds and allocated it specifically to certificate No. 982467 to be used in the mortgage settlement; that it charged the money it disbursed at the settlement against the Willow Company's deposit; that it issued to Willow Company its title insurance policy No. 982467 in the amount of $5,500.00; that upon discovery of the forgery of the mortgage and in performance of its obligation under its policy it made payment on June 2, 1948 to Willow Company in that amount. Defendants filed an answer to the complaint reiterating their former position. Testimony was taken which clearly supported the assertions of the Trust Company that the money disbursed by it was charged

against the deposit of Willow Company and that its payment to Willow Company of the sum of $5,500.00 was not a return of Willow Company's deposit but was in performance of its obligation under the title insurance policy which it had issued. The court below entered judgment in favor of the Trust Company against the defendants in the sum of $4,366.60 with interest, or a total of $5,682.85, and also a judgment in favor of Willow Company in the sum of $232.88. This latter amount represented interest which Willow Company would have been entitled to receive on the mortgage, had it been a valid instrument, from September 18, 1947, the date when settlement was made, to June 2, 1948, when it was paid by the Trust Company under the policy.

It is defendants' contention that the decision of the court below is not in harmony with our opinion on the original appeal because we there stated that the Trust Company, when added as a party to the record, could recover only in its own right and not by way of subrogation to a claim of Willow Company. They lose sight of the fact, however, that the decision of the case in the former appeal was based solely on the pleadings there presented, and, since the Maryland Casualty Company in its new matter had asserted that the money deposited by Willow Company with the Trust Company had been returned to it and not disbursed by the Trust Company, since nothing was stated as to the issue of any insurance policy, and since Willow Company filed preliminary objections to the new matter in the nature of a demurrer, we necessarily held that the right of action against the defendants lay, not with Willow Company nor with the Trust Company by way of subrogation, but with the Trust Company in its own right. This left open to Willow Company the right to file an answer to the

608

allegations set forth in the Maryland Casualty Company's new matter, and it subsequently filed such an answer. The Trust Company having now intervened, and having shown that it issued to Willow Company a policy of title insurance, and that, when it paid to Willow Company the sum of $5,500.00 it was not returning its deposit but was meeting its obligation under its policy, it is obvious that it established thereby its right to recover on the notary's bond by way of subrogation to the claim which Willow Company might have asserted, and the court below correctly so held. It follows also that Willow Company was entitled to recover the interest of which it was deprived by reason of the invalidity of the mortgage, and which was not covered by the policy of insurance.

Judgments affirmed.