598

Employers Mutual Liability Insurance Company
of Wisconsin, Appellant, v. Melcher.

Argued April 22, 1954. Before STERN, C. J.,
STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-
NOLD, JJ.

*Roger B. Reynolds,* with him *Herbert A. Barton* and *Swartz, Campbell & Henry,* for appellant.

*Sylvan D. Einhorn,* with him *Cassin W. Craig, Wisler, Pearlstine, Talone & Gerber,* and *Winer, Einhorn & Somerson,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, September 27, 1954:

In this action of assumpsit brought by plaintiff Insurance Company as subrogee of its insured, West, the court below sustained defendants' preliminary objections in the nature of a demurrer, and plaintiff appeals.

For a stated consideration, defendants leased their truck to West for a designated trip, and for West's sole business, under a lease agreement providing, inter alia, that: (a) defendants would fully maintain, service and repair the vehicle, and provide all gas, oil and other equipment; (b) defendants would provide a driver and pay his salary; (c) West would not be liable for loss or damage of the vehicle; (d) defendants would "indemnify Lessee [West] against (1) any loss resulting from the injury or death of such driver(s) and (2) any loss or damage resulting from the negligence . . . of such driver(s)"; and that the stated consideration would "constitute full and complete pay-

ment by Lessee [West] for . . . all taxes, insurance, including social security, workmen's compensation and withholding tax."

The driver died of injuries suffered in a collision, and a claim for workmen's compensation was brought by his dependents against both West and these defendants as his employers.

In the compensation case, the question was whether the driver was the employe of West or of these defendants. The Superior Court (*Wall v. Penn Lumber & Mill Works*, 171 Pa. Superior Ct. 512, 90 A. 2d 273) held that West was his employer. Thus plaintiff, as West's compensation carrier, had to pay the claim.

On the strength of the above-quoted provisions of the lease, and its right of subrogation under the insurance contract with West,[1] plaintiff seeks in this proceeding to recover from defendants the monies paid to decedent's survivors as compensation.

It is to be noted that all of the provisions of the lease look to the protection of West against any expenditures other than the agreed consideration for the lease. Further, the provisions spell out the belief of both parties that the driver was the employe of defendants, not of West. Having agreed to "indemnify [West] . . . against . . . any loss resulting from the injury or death of such driver," and also that the consideration included the cost of workmen's compensation insurance, there can be no doubt that any payments which West might be required to make on those matters could be recovered by him from defendants. Since, by statute and by the contract of insurance, this plaintiff was required to pay the compensation

---

[1] "The company [plaintiff] shall be subrogated, in case of any payment under this policy, . . . to all rights of recovery therefor vested by law . . . in this employer . . . against persons . . ."

which West would otherwise have had to pay, the sole question in this case is whether it may be subrogated to West's right of payment.

Defendants contend that West suffered no "loss," that their contract of indemnity was one only against "loss" and not "liability," and that West could not have recovered, thus leaving nothing to which this plaintiff could be subrogated.

"The doctrine of subrogation is based 'on considerations of equity and good conscience . . . to promote justice . . . [and] is granted as a means of placing the ultimate burden of the debt upon the person who should bear it.' It is not a matter of contract nor of privity. It 'may be invoked in favor of persons who are legally obligated to make good a loss caused by the negligent or tortious acts of another.' 'It is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it':" *Potoczny v. Vallejo,* 170 Pa. Superior Ct. 377, 380, 381, 85 A. 2d 675. Those having the superior equities will be granted the right of subrogation: *Gildner v. First National Bank and Trust Company of Bethlehem,* 342 Pa. 145, 157, 19 A. 2d 910. "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct": Restatement, Restitution, §76. In its section on subrogation (§162), the Restatement, Restitution, states the rule as follows: "Where property of one person is used in discharging an obligation owed by another . . ., under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee . . ." There can be

no question that plaintiff used its property to discharge the obligation owed by defendants through their lease with West. The order for payment in the compensation case was not only against the plaintiff as insurance carrier but also against West as employer. There was a "loss" suffered by West, paid by plaintiff, and indemnified against by the defendants, and plaintiff has a right to recover the payment from defendants. Plaintiff's equities—if they do not stand alone —are at least superior to those of defendants.

The claim of right to subrogation is further fortified by the specific grant of it by West to plaintiff in the contract of insurance. To relieve defendants of the duty of payment assumed by them in the lease, and to place it upon plaintiff, would be unconscionable and unjust. West's foresight or precaution in carrying a policy of insurance against liability for workmen's compensation cannot, in good conscience, be turned to the benefit of defendants and permit them to avoid their duties under the contract of lease. Cf. *Commonwealth, to use, v. Maryland Casualty Company*, 373 Pa. 602, 97 A. 2d 46.

The result is not changed merely because the liability of plaintiff to pay compensation is termed "primary" by the Courts (*Cease v. Thomas, Exrx.*, 155 Pa. Superior Ct. 215, 38 A. 2d 547.) Defendants assumed a primary liability to pay the loss when suffered, and whether plaintiff's duty was primary or secondary insofar as compensation claimants were concerned does not determine the question of subrogation.

Judgment reversed with a procedendo.