## Commonwealth, etc., et al. v. Kinkaid et al.

*Herbert A. Barton,* for plaintiffs.
*Richardson Blair,* for defendants.

GRIFFITHS, J., February 11, 1955. — This is an action in assumpsit with a waiver of jury trial arising from a transaction wherein the Commonwealth Title Company of Philadelphia insured the title to the premises 1637 Naudain Street when it was transferred from Nathan Evans et ux. to Henry Brown et ux., on March 3, 1950. At that time the title company issued a check in the sum of $789.99 payable to Irene L. Argall

for a certain deed of extinguishment of ground rent on the premises. Possession of this check was given to defendant, William G. Kinkaid, a notary public bonded by defendant, Hartford Accident and Indemnity Company. The sum of the bond was $10,000. The check was given to Kinkaid for delivery to the payee, Irene L. Argall.

Subsequently it was learned that Kinkaid had forged the signature of Irene L. Argall on the purported deed of extinguishment and then falsely acknowledged it in his capacity of a notary public. Likewise he also forged Irene L. Argall's endorsement to the aforesaid check drawn on the Provident Trust Company by the Title Company and deposited it in his own checking account in the Provident Trust Company.

As a result of Kinkaid's above described misdeeds it became necessary for the Commonwealth Title Company to make good on its title insurance by securing a valid deed of extinguishment. In so doing it paid Irene L. Argall the sum of $1,040 and in addition it paid certain costs in the amount of $28.40, or a total of $1,068.40.

After paying this money to Irene L. Argall and receiving a valid deed of extinguishment and after having recorded same, Commonwealth Title Company obtained from the Provident Trust Company (the depository bank of Commonwealth Title on which the forged check was drawn) the sum of $789.99, and then assigned to the Provident Trust Company so much of its claim against Kinkaid and his surety as was represented by the payment of the $789.99.

Commonwealth Title Company claims the sum of $278.41, with interest from April 9, 1953, and Provident Trust Company, assignee of part of Commonwealth Title Company's claim, claims the sum of $789.99, with interest from April 9, 1953.

The action in behalf of use plaintiffs, Margaret W. Stookey and Martha B. Smith, has heretofore been disposed of and is not now before us.

The matter was heard without a jury and from the pleadings and proof adduced the court makes the following

### Findings of Fact

1. William G. Kinkaid (hereinafter called Kinkaid) was commissioned a notary public by the Governor of the Commonwealth of Pennsylvania on April 28, 1947, for a four-year period.

2. In pursuance of the acts of assembly William G. Kinkaid, on May 1, 1947, and before entering upon the execution of his office as a notary public, gave unto the Commonwealth of Pennsylvania a bond in the sum of $10,000 for the true and faithful performance of his office and duties as notary public, and Hartford Accident and Indemnity Company (hereinafter called Hartford) joined in the said bond as surety for William G. Kinkaid.

The condition of the bond was "that if the said William G. Kinkaid appointed and commissioned Notary Public as aforesaid, shall and does well and truly and faithfully in all things execute and perform the duties of said office of Notary Public, or in case of death, the legal representative of said Notary Public, shall deliver up the Register and all other Public papers to the said office belonging, hold safe, and undefaced, under the office of the Recorder of Deeds for said County, then this obligation to be void, or else to be and remain in full force and virtue." (Plaintiff's Exhibit No. 1.)

3. The Commonwealth Title Company of Philadelphia (hereinafter called Commonwealth) is a corporation organized under the laws of the Commonwealth of Pennsylvania, with principal place of business at 1510 Walnut Street, in the City and County of Phila-

delphia, Commonwealth of Pennsylvania. In the normal operation of its business, Commonwealth insures the titles of real estate and conducts the settlements arising out of purchases and sales of various pieces of property.

4. The Provident Trust Company (hereinafter called Provident) is the depository for Commonwealth.

5. On March 4, 1950, in the operation of its business, Commonwealth insured the title of Henry and Virginia Brown to premises 1637 Naudain Street, Philadelphia, Pa., which they were purchasing from Nathan and Sylvia Evans.

6. The purchase price for these premises was paid to Commonwealth by the purchasers, and deposited by Commonwealth in its regular or settlement account which it maintained with its depository.

7. At the time of settlement on March 3, 1950, all of the funds deposited by the Browns were disbursed by Commonwealth, including its check no. 713585 drawn on its account at Provident, in the amount of $789.99, payable to the order of Irene L. Argall to purchase a Deed of Extinguishment of Ground Rent, obtained by Irene L. Argall by deed and assignment dated June 5, 1946, from Thomas L. Galbally and Adeleine B., his wife, and recorded at Philadelphia in deed book C. J. P. 1307, page 341, as a lien against the Naudain Street property which the Browns were purchasing.

The check bore the number 104,960 to identify it as a proper debit against the Brown deposit and it was so debited. (Plaintiff's exhibit no. 4.)

8. In disbursing the proceeds of the settlement and insuring the title to the premises, Commonwealth relied upon this deed of extinguishment of ground rent given by Irene L. Argall on March 3, 1950, and recorded at Philadelphia in deed book C. J. P. 2585, page 77.

9. Commonwealth delivered this check in the amount of $789.99 not to the payee, Irene L. Argall, but to *defendant* Kinkaid.

10. The signature of Irene L. Argall on the alleged deed of extinguishment was notarized by Kinkaid and in insuring the title to these premises Commonwealth relied upon this notarization to prove the validity of this signature.

11. The signature of Irene L. Argall to the alleged deed of extinguishment was forged and the notarization thereof by Kinkaid was fraudulent.

12. Subsequent to the delivery to him of the settlement check in the amount of $789.99, Kinkaid forged thereon the endorsement of the payee, Irene L. Argall.

13. At the time of this transaction, Kinkaid was a customer of Provident, having opened an account with Provident in the name of Wm. H. Kinkaid, William G. Kinkaid, Agent. This account was opened on or about October 13, 1948 and was maintained by Kinkaid until October 1952 when it was closed. During this four-year period 3,037 checks were drawn against the account by Kinkaid and from time to time deposits were made therein.

14. On or about March 8, 1950, Kinkaid presented for payment to Provident the aforementioned settlement check in the amount of $789.99, whereon he had forged the endorsement of Irene L. Argall.

15. Provident honored the check and charged the amount thereof, namely $789.99, against Commonwealth's account and credited the account of Kinkaid pursuant to the additional endorsement on the check, "Pay to the order of Provident Trust Company, Wm. H. Kinkaid, William G. Kinkaid, Agent". (Plaintiff's exhibit no. 4).

16. Subsequently, on or about March 4, 1953, Commonwealth learned from Irene L. Argall that the signature to the deed of extinguishment was a forgery

and that the endorsement to the settlement check payable to her was also forged.

17. Upon discovery of the forged endorsement, Commonwealth demanded that Provident refund the amount of $789.99 to Commonwealth and on or about March 31, 1953, Provident complied with Commonwealth's request, sending its treasurer's check payable to the order of Commonwealth in the amount of $789.99, stating that "this represents a refund on your title settlement check #713585 dated March 8, 1950, to the order of Irene L. Argall for a like amount".

18. Following its discovery of the forgery and the false notarization of the deed of extinguishment of ground rent, Commonwealth, in accordance with its obligation to protect the title of its insured, purchased the Ground Rent from Irene L. Argall at a cost of $1,068.40.

19. In fulfilling this obligation, Commonwealth suffered a loss of $1,068.40 and of this amount, having been paid the sum of $789.99 by Provident Trust, Commonwealth assigned to Provident Trust 78999/106840ths of its claim against the notarial bond of Kinkaid because of said payment.

### Discussion

William G. Kinkaid, principal on the bond in suit, filed no answer so there is no question as to the rights of plaintiffs against him individually for the sum of $1,068.40. Neither is there any denial of his liability in his notarial capacity in this amount up to the moment he deposited the original check issued to Irene L. Argall in his own account in the Provident Trust Company.

It is the position of defendant, Hartford Accident and Indemnity Company that Commonwealth Title Company suffered a loss of only $278.41 because Provident wrongfully honored the check forged by Kinkaid and therefore they were prohibited by statute from

charging Commonwealth's account. When the forgery was discovered Provident was obliged to and did return $789.99, the amount of the check to Commonwealth's account. Consequently they say the portion of Commonwealth's claim that is based on the $789.99 is invalid because Commonwealth suffered no loss and therefore had nothing to assign to use plaintiff, Provident.

On the other hand Commonwealth and Provident contend that the only way Kinkaid, the notary public, or his surety can be relieved from liability for the wrongful notarial act of Kinkaid and his subsequent appropriation of the proceeds of the check, is by the production of proof that either Kinkaid or his surety, Hartford Accident, reimbursed Commonwealth for the consequences of Kinkaid's fraud.

In our opinion defendant's position must be rejected and that of the use plaintiffs accepted.

In Commonwealth, to use, v. Maryland Casualty Company, 373 Pa. 602 (1953) the facts were substantially the same as those now before this court. There where it appeared that a notary public, Sliker by name, falsely certified to the acknowledgment of a mortgage on which the signatures of the mortgagors were forged, that the designated mortgagee deposited with use plaintiff the mortgage money which use plaintiff paid out at the time of settlement and also issued to the designated mortgagee its title insurance policy, and thereafter, upon discovery of the forgery of the mortgage and in performance of its obligation under its policy, it made payment to the mortgagee in the amount of the policy, it was held that such facts established use plaintiff's right to recover on the notary's bond by way of subrogation to the claim which the mortgagee might have asserted.

The surety defendant in that case unsuccessfully advanced the same argument now before us. There our

Supreme Court stated on page 605, quoting from their prior opinion in the same matter after a defect in pleading had been corrected and the case was before them a second time:

". . . we held that Sliker's act in making the false certificate of acknowledgment was an efficient proximate cause of the ultimate loss, even though it may not have been the sole cause. We said (369 Pa. 300, 305 (1952)), that 'without the false certificate the money would not have been paid out at all and the loss would not have occurred since it was not until the mortgage was acknowledged and delivered that the money would have been distributable. *Even, therefore, if Bennewitt's subsequent forgeries facilitated the accomplishment of his fraud they did not absolve these defendants from liability; it was Sliker who was primarily and basically responsible.*' " (Italics supplied.)

Defendant Hartford seeks to distinguish the Maryland Casualty cases, supra, in that there was but one institution involved while here there are two. This they argue is significant in that it tends to show that the Provident did not rely on the fact Kinkaid was a notary public when they accepted the check under consideration and charged Commonwealth's account. They thus argue that Provident's duty to restore an equivalent amount to Commonwealth's account was not in any way connected with the false notarial acts of Kinkaid and therefore Kinkaid's acts did not cause Commonwealth any loss.

This argument we must reject as irrelevant in that Kinkaid's act of forging the name of Irene L. Argall to the deed of extinguishment and then falsely acknowledging the signature was an efficient proximate cause of the ultimate loss even though it may not have been the sole cause.

Judgment has heretofore been entered against defendant Hartford in favor of the Commonwealth

of Pennsylvania in the amount of $10,000 and judgment for $6,300 entered for use plaintiffs, Stookey and Smith, and judgment also entered for use plaintiff, Commonwealth Title Company, in the amount of $306.24, said judments also having been entered against defendant, William G. Kinkaid. These matters are not now before us and our present findings are in addition to them.

Therefore we make the following

### Conclusions of Law

1. Use plaintiff, Commonwealth Title Company of Philadelphia, sustained a loss of $1,068.40 as a result of defendant William G. Kinkaid's wrongful notarial acts.

2. Use plaintiff, Commonwealth Title Company of Philadelphia, made a valid assignment of 789.99/1068.40 of its claim to use plaintiff, Provident Trust Company of Philadelphia.

3. Use plaintiff, Commonwealth Title Company of Philadelphia, is entitled to receive $278.41, representing the unassigned portion of its claim against defendant, William G. Kinkaid and his surety, defendant Hartford Accident and Indemnity Company.

4. Use plaintiff, Provident Trust Company of Philadelphia, is entitled to receive $789.99, representing the portion of use plaintiff's (Commonwealth Title Company of Philadelphia) claim against defendant, William G. Kinkaid and his surety, Hartford Accident and Indemnity Company, which it took by assignment from use plaintiff, Commonwealth Title Company of Philadelphia.

### Order

Wherefore, February 11, 1955, the court finds for use plaintiff, Commonwealth Title Company of Philadelphia in the amount of $278.41, with interest from April 9, 1953, against defendant William G. Kinkaid,

and for use plaintiff, Provident Trust Company of Philadelphia in the amount of $789.99, with interest from April 9, 1953, against defendant William G. Kinkaid.