## Melcher v. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Co.

*Cassin W. Craig*, for plaintiff.

*Edward B. Duffy*, for defendant.

FORREST, J., October 24, 1955.—In this action on a policy of workmen's compensation insurance, plaintiffs have moved for judgment on the complaint and answer. On such a motion the allegations of defendant's answer are to be taken as true. Further, summary judgment should be entered only in clear cases: Wark & Company v. Twelfth & Sansom Corporation, 378 Pa. 578 (1954); Toff v. Vlahakis, 380 Pa. 512 (1955). A part of the facts disclosed by the pleadings viewed in this light is

stated in the excerpt from Employers Mutual Liability Insurance Co. v. Melcher, 378 Pa. 598, 599-600 (1954) quoted in the opinion handed down by this court this day in the related case of Employers Mutual Liability Insurance Co. v. Thomas Q. Melcher and Dennis Q. Melcher, trading as Penn Lumber & Millworks, November term, 1952, no. 23. In that case we have entered judgment for Employers Mutual because of its right of subrogation. For the purpose of this case the additional material facts may be stated as follows:

Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company issued a policy of workmen's compensation insurance to Thomas Q. Melcher and Dennis Q. Melcher, trading as Penn Lumber and Millworks, plaintiff herein, "as respects personal injuries sustained by employees, including death . . . resulting therefrom," "(a) to pay promptly to any person entitled thereto under the Workmen's Compensation Law . . ." and "(b) to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of injuries to . . . said employees. . . ."

Paragraph G of the conditions annexed to and made part of the policy provides: "No action shall lie against the company to recover upon any claim or for any loss under paragraph One (b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this employer after trial of the issue or by agreement between the parties with the written consent of the company. . . ."

This policy contained a so-called Pennsylvania truckmen's endorsement whereby: "The insurer agrees to assume liability under the Pennsylvania Workmen's Compensation Act . . . because of bodily injuries including death resulting therefrom, to employees of this insured employer whether they are subject to the su-

pervision of this insured employer or are under the direction and supervision of other persons because of a contract entered into between this insured employer and such persons for the transportation and delivery of commodities, merchandise or materials. This insured employer agrees to pay a premium on the entire remuneration of such employees."

Plaintiffs in this present action contend that Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, defendant herein, is ultimately liable to Employers Mutual, that the said Pennsylvania Threshermen refused to defend the action by Employers Mutual notwithstanding that the policy expressly requires Pennsylvania Threshermen "to defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor . . .", and that the present plaintiffs are entitled to reasonable counsel fee for defending the suit by Employers Mutual.

Paragraph G of the conditions of the policy expressly prohibits action until the amount of the loss shall have been fixed and rendered certain by final judgment *"against this employer"* or by agreement. (Italics supplied.) At the time of institution of this action there was a final judgment against West Motor Freight and its workmen's compensation carrier, *but not against Melchers.* Therefore, this action was prematurely brought and strictly speaking it may be that a new action should be brought. However, such obstacle to Melchers' recovery is one which now may easily be remedied by their institution of another action, final judgment having been entered against them in the suit of Employers Mutual. Therefore, in the interests of convenient administration of the law and, we take it,

with consent of all parties concerned, we shall treat this case as if it had been instituted after judgment in the suit of Employers Mutual.

Generally speaking, Melchers' contract with defendant was a contract of indemnity against loss from liability incurred under The Workmen's Compensation Act. It was not a contract of indemnity against loss from Melchers' liability generally, particularly liability assumed by Melchers under a contract. Defendant contends that by voluntarily assuming certain obligations, Melchers could not increase the burden taken up by defendant, that that burden, as has been stated, was specifically limited and qualified by the policy, that this court may not disregard paragraph G of the conditions of the policy as surplusage, that that paragraph exonerated defendant from liability to suit until final judgment against this employer (Melchers) in an action for workmen's compensation, that such judgment has not been obtained, that plainly it cannot be obtained, since West, not Melcher, has been adjudged Wall's employer and Wall or his widow having been paid compensation in full by West's insurer is not in a position to claim double compensation.

This is an appealing but specious argument, because it overlooks an important item, to wit, the Pennsylvania truckmen's endorsement. This endorsement must be construed as modifying the scope of the term "employees" as used previously in the policy. It plainly enlarges the definition beyond that used in determining liability to pay compensation under The Workmen's Compensation Act. It covers a person such as Wall who was employed by Melchers but temporarily under the supervision of West. It states that the insurer agrees to *assume liability*, which is to say, take upon itself a liability which otherwise would not exist. This is considerably broader than the promise to pay persons entitled to collect from Melchers under The

Workmen's Compensation Act. The clause is virtually meaningless unless it is applicable to a case such as this and the court will, if possible, give effect to all parts of an instrument, and a construction which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable: Armstrong v. Standard Ice Co., 129 Pa. Superior Ct. 207 (1937); Stierheim v. Bechtold, 158 Pa. Superior Ct. 107 (1945).

Paragraph G of the conditions of the policy is not applicable thereto, that condition is specifically limited in application to claims under paragraph one (*b*) of the policy. Melchers are entitled to rely on the express agreement. The fact that Melchers have paid or will be obliged to pay the judgment obtained this day by Employers Mutual would appear to raise "equities . . ." in Melchers "at least superior to those of" Melchers' insurer (Employers Mutual Liability Insurance Co. v. Melcher, supra), although this is not the basis of our decision. Also, the fact that this insurer collected a premium on the entire remuneration of "loaned" employes is sufficient indication of the "fairness" of imposing ultimate liability on Pennsylvania Threshermen, if "fairness" were a criterion for the imposition of such liability. Having collected a premium based upon the salary which plaintiffs paid Wall, Pennsylvania Threshermen is in no position to complain of unfairness. This might have been determined in one suit if Melchers, by timely steps in the action brought by Employers, had joined Pennsylvania Threshermen as an additional defendant.

However, their failure to take such action timely cannot deprive plaintiffs of the right by this separate action to compel Pennsylvania Threshermen to pay in accordance with the liability which it expressly assumed.

Pennsylvania Threshermen appears to be liable to

Melchers under the terms of the Pennsylvania truckmen's endorsement and the fact that Melchers entered into an independent agreement to indemnify West is immaterial. An obligee of an insurance contract may not be deprived of his rights thereunder simply because he himself has similar duties to another.

Therefore, judgment will be entered against defendant and the case will be ordered on the trial list for the assessment of damages, some of which are unliquidated.

### Order

And now, October 24, 1955, it is ordered, adjudged and decreed that judgment be and is hereby entered in favor of plaintiffs, Thomas Q. Melcher and Dennis Q. Melcher trading as Penn Lumber and Millworks and against defendant, Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, and that the case be listed for trial for the sole purpose of assessment of damages.