568 A.2d 1325

**BOROUGH OF WILKINSBURG**

v.

**TRUMBULL–DENTON JOINT VENTURE and CNA.**

**Appeal of TRUMBULL–DENTON JOINT VENTURE.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1989.

Filed Jan. 22, 1990.

Donald J. McCormick, Pittsburgh, for appellant.

Warren D. Ferry, Pittsburgh, for appellee.

Before McEWEN, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal from a judgment in the amount of $75,276.60 for breach of a contract provision requiring Trumbull–Denton Joint Venture (Trumbull) to obtain insurance covering the Borough of Wilkinsburg. We affirm.

In early 1981, Trumbull was selected by the Pennsylvania Department of Transportation as the general contractor for rehabilitation of I–376. To discharge its responsibility for handling traffic affected by the contract work, Trumbull entered into an agreement with Wilkinsburg to use off-duty borough police officers to regulate traffic which was rerouted through the Borough. As part of its contract with Wilkinsburg, Trumbull was required to obtain public liability insurance naming Wilkinsburg as an additional insured to protect the Borough and its agents from claims arising from operations under the contract. Trumbull purchased a policy of comprehensive general liability insurance from CNA but failed to have Wilkinsburg named as an additional insured on this policy. Needless to say, an accident occurred at an intersection being controlled by an off-duty Wilkinsburg police officer pursuant to the contract. In the lawsuit that ensued, the officer and the Borough were joined as additional defendants. Wilkinsburg requested CNA to provide a defense and discovered that Trumbull had not named Wilkinsburg as an insured on the policy issued by CNA. Wilkinsburg had a policy of comprehensive general liability insurance which it had purchased from Guaranty National Insurance Company (GNI); GNI therefore provided a defense and settled the action for $67,000.00. The costs incurred were $796.54 and the attorney's fees were $7,480.06, for a total of $75,276.60, which was expended by GNI due to Trumbull's failure to provide insurance. Thereafter, this action was brought to recover this sum from Trumbull. The parties stipulated to the facts and the trial court found in favor of Wilkinsburg.[1] This appeal followed.

Trumbull first argues that Wilkinsburg sustained no loss because Wilkinsburg's general liability carrier paid the claim and incurred the expenses. Entwined with this argument is Trumbull's claim that this is not a subrogation case.

1. Judgment was entered in favor of CNA and no appeal was taken. Therefore, the present appeal involves only Wilkinsburg and Trumbull.

We must answer the second question first because if, as appellant argues, this is not a proper subrogation case, then appellant's argument that Wilkinsburg did not suffer damages is correct. If, on the other hand, subrogation is proper, then appellant's first argument fails. In *Employers Mutual Liability Ins. Co. v. Melcher*, 378 Pa. 598, 107 A.2d 874 (1954), our Supreme Court, quoting the Restatement, Restitution, § 76, set forth the following rule:

Where property of one person is used in discharging an obligation owed by another ..., under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee....

*Id.*, 378 Pa. at 601, 107 A.2d at 876.

It is undisputed that GNI's property was used to discharge the obligation. The next question then is whether the obligation is one that is owed by appellant.

Where a party breaches an agreement to obtain insurance, the breaching party is liable for the full amount of the damages sustained. In *Hagan Lumber Co. v. Duryea School District*, 277 Pa. 345, 121 A. 107 (1923), our Supreme Court set forth the following measure of damages:

Plaintiff's damage is not to be measured by the premium it would have had to pay, had it taken out insurance to protect it against such a loss. This would be the measure had defendant notified plaintiff the insurance would not be or could not be obtained (*Veley v. Clinger*, 18 Pa.Superior Ct. 125), for in that event plaintiff would be required to minimize the possible loss, if it elected to continue performance of the contract notwithstanding. No such notice appears to have been given, however, and, in the absence thereof, plaintiff was entitled to assume defendant would comply with its contract, and may recover the damages actually sustained because of its failure so to do.

*Id.,* 277 Pa. at 349, 121 A. at 108–09.[2]

In *Hagan,* as in *Zortman v. Volk,* 97 Pa.Super. 137 (1929), which followed *Hagan's* holding, the plaintiff suffered damage to his property due to fire. The defendant had agreed to obtain fire insurance but failed to do so. In both cases, the defendant was liable for the full amount of damage. Under these cases, appellant is liable for the full amount expended on account of the accident claim. Thus, the second prong of the test, that the obligation discharged is that owed by another, is satisfied.

Appellant also contends that it is not liable because it did not cause the accident and is not legally responsible for the accident. However, the issue here is not whether appellant is liable for causing the accident but whether appellant is liable for breaching its contract. Subrogation is not limited only to actions against a tortfeasor. *See, e.g., Zurich General Accident & Liability Ins. Co. v. Klein,* 181 Pa.Super. 48, 121 A.2d 893 (1956) (breach of general warranty deed). Further, appellant's contention that it is liable only for the cost of obtaining insurance is contrary to the principles set forth in *Hagan, supra.*

Finally, it must be remembered that subrogation is an equitable principle. "It is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it." *Potoczny v. Vallejo,* 170 Pa.Super. 377, 380–81, 85 A.2d 675, 677 (1952), quoting 50 Am.Jur., Subrogation, § 2, page 678. We do not agree with appellant's premise that appellant should be excused of its obligations under the contract merely because an insurance company was the ultimate payor of appellant's obligation. As noted in *Employers Mutual Liability Ins. Co. v. Melcher, supra,* the fortuitous circumstance of additional insurance cannot, in good conscience, permit appellant to avoid its duties under its contract.

**2.** The trial court found that there was no evidence that appellant notified Wilkinsburg of its failure to name Wilkinsburg as an additional insured as required by the contract. Therefore, appellant is not entitled to reduce the damages to the amount of the premium Wilkinsburg would have had to pay in procuring its own insurance.

Appellant also contends that the court erred in determining that an agreement to obtain insurance implies the right of indemnification. This is an incorrect statement of the issue, which is whether the measure of damages determined by the trial court is correct. That measure is the one set forth in *Hagan, supra.*

Finally, appellant contends that the trial court erred by applying the collateral source rule to prevent appellant from proving that Wilkinsburg did not suffer a loss. This claim is refuted by the record. As previously stated, this case was submitted to the court on a stipulation of facts. This stipulation set forth that GNI had issued to Wilkinsburg a policy of general liability insurance, which was in effect on the date of the accident. The stipulation further stated that GNI had defended the action and had paid the settlement amount of $67,000.00 as well as costs and attorney fees. The trial court clearly considered the fact of GNI's involvement and payment and in fact stated the issue as "what the measure of damages if any should be when the non-breaching party is otherwise insured ..." Opinion at 3. Contrary to appellant's argument, the collateral source rule was not applied.

Judgment affirmed.