**ZURICH–AMERICAN INSURANCE CO., et al., Plaintiffs,**

v.

**Richard J. ECKERT, Defendant.**

**Civ. A. No. 90–4903.**

United States District Court, E.D. Pennsylvania.

Aug. 8, 1991.

---

Steven L. Smith, Elliott R. Feldman, Cozen & O'Connor, Philadelphia, Pa., for plaintiffs.

Joseph P. Klein, Kevin J. O'Brien, Marks, Kent & O'Neill, P.C., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The defendant, Richard J. Eckert, filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff, Zurich–American Insurance Company (Zurich) brought this action as the subrogee of Eugene DePaul and Peter DePaul, t/a Wissahickon Park Associates (Wissahickon), seeking to recover for fire damage to Wissahickon which it had paid pursuant to its insurance policy. Zurich claims that it has the right to recover from Mr. Eckert on the ground that he is liable for the damage caused by the fire.

In his motion for summary judgment, Mr. Eckert contends that paragraph 15(f) of his lease with Wissahickon bars Wissahickon's insurer, Zurich, from pursuing its right to subrogation under the insurance policy. Paragraph 15(f) of the lease, reproduced in full below, contains promises by Mr. Eckert and Wissahickon to the effect that any insurance either shall carry concerning the apartment or its contents "shall contain waivers of the right of subrogation." For the reasons stated below, the Court rejects Mr. Eckert's contention that Zurich is unable to pursue its subrogation rights, and will accordingly deny Mr. Eckert's motion for summary judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when, "after considering the record evidence in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Turner v. Schering–Plough Corp.,* 901 F.2d 335, 340–41 (3d Cir.1990).

The facts concerning which there are no genuine issues may be summarized as follows:

Pursuant to a lease dated October 1, 1987, Wissahickon leased to Mr. Eckert Apartment L–306 of the Wissahickon Park Apartments in Lansdale, Pa.

Paragraph 15(f) of the lease states:

Lessor and Lessee hereby agree that all insurance policies which each of them shall carry to insure the demised premises and the contents therein against casualty loss, and all liability policies which they shall carry pertaining to the use and occupancy of the demised premises shall contain waivers of the right of subrogation against Lessor and Lessee herein, their heirs, administrators, successors, and assigns.

On November 16, 1987, Zurich–American Insurance Company (Zurich) issued a property insurance policy to Wissahickon for the Wissahickon Park Apartments and contents, effective through November 16, 1988. Wissahickon's insurance policy with Zurich contains the following provision relating to subrogation:

**D. SUBROGATION**

In the event of any payment under this policy, the Company shall be subrogated to all the insured's rights of recovery against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

Mr. Eckert was issued a renter's insurance policy by Metropolitan Insurance Companies (Metropolitan) which contains the following provisions relating to subrogation:

**OUR RECOVERY RIGHT**

In the event of any payment under this policy, we are entitled to all of the rights of recovery of the person to whom, or on whose behalf, payment was made.

Mr. Eckert's policy with Metropolitan also contains the following provision under a paragraph entitled "Permission Granted to You":

This insurance shall not be affected if you waive in writing prior to a loss any or all right of recovery against any party for loss occurring to property covered in this policy.

A review of the insurance policies presented to the Court in connection with this motion for summary judgment indicates that neither the lessor nor the lessee took any action, pursuant to paragraph 15(f) of the lease, to have their respective insurance policies "contain waivers of the right of subrogation against lessor and lessee."

On August 19, 1988, a fire occurred at the Wissahickon Park Apartments resulting in destruction of and damage to Wissahickon's real and personal property. The fire originated in the apartment of Mr. Eckert. As a result of the fire, Zurich made payments to Wissahickon in excess of $75,000. In its complaint, Zurich seeks to exercise its rights as subrogee of Wissahickon against Mr. Eckert, alleging that he is liable to it for the damages caused by the fire.

■ In this diversity action, Pennsylvania law is applicable since the insured property is located in Pennsylvania, Mr. Eckert and Wissahickon, to whose rights Zurich seeks to be subrogated, are both citizens of Pennsylvania, and the fire causing the damage for which Zurich claims that Mr. Eckert is liable occurred in Pennsylvania. Pennsylvania is therefore the forum with the most significant interest in the outcome of this litigation and its law will be applied. *See Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964).

■ As stated above, the issue presented by Mr. Eckert's motion for summary judgment is whether the promise of Wissahickon to have its insurance policy "contain waivers of the right of subrogation against lessor and lessee" bars its insurer, Zurich, from pursuing its subrogation rights under the insurance policy.

■ The insurance policy, as heretofore pointed out, specifically provides that Zurich "shall be subrogated to all the insured's rights of recovery against any person." Under Pennsylvania law, the right of subrogation is a right based upon considerations of equity and good conscience, the goal of which is "to place the burden of the debt upon the person who should bear it". *Allstate Insurance Co. v. Clarke*, 364 Pa.Super. 196, 201, 527 A.2d 1021, 1023–24 (1987). "It is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it." *Borough of Wilkensburg v. Trumbull–Denton*, 390 Pa.Super. 580, 568 A.2d 1325 (1990), *app. den.*, 526 Pa. 626, 584 A.2d 310 (Pa.1990). The equitable right to subrogation is allowed in favor of an insurer who pays a loss suffered by its insured which was occasioned by the negligence of a third party. *Turner Construction Co. v. John B. Kelly Co.*, 442 F.Supp. 551, 552 (1976), *citing Roberts*

v. *Fireman's Ins. Co.*, 376 Pa. 99, 101 A.2d 747 (1953).

Where the right of an insurer to subrogation is expressly provided for in the insurance policy, the insurer's right to subrogation is measured by, and depends solely upon, the terms of such provision. 16 Couch on Insurance 2d § 61:23, p. 101 (2d ed. 1983). However, whether contractually declared or founded in equity, the right to subrogation is to be governed by equitable principles. *Associated Hospital Service v. Pustilnik*, 497 Pa. 221, 439 A.2d 1149 (1981).

> "The right of subrogation is not founded on contract. It is a creature of equity; is enforced solely for the purpose of accomplishing the ends of substantial justice; and is independent of any contractual relations between the parties."

*Jacobs v. Northeastern Corporation*, 416 Pa. 417, 206 A.2d 49, 53 (1965), *quoting Memphis & Little Rock R.R. v. Dow*, 120 U.S. 287, 301–02, 7 S.Ct. 482, 488–89, 30 L.Ed. 595 (1887). "Thus, whatever the contractual language regarding subrogation, the equitable nature of subrogation is not altered." *Daley–Sand v. West American Ins. Co.*, 387 Pa.Super. 630, 564 A.2d 965, 970 (1989). Nothing found in the subrogation clause of the insurance policy nor in the Court's balancing of the equities justifies the Court granting summary judgment to Mr. Eckert and thereby extinguishing Zurich's right to subrogation.

The Supreme Court of Pennsylvania, in *Employer's Mutual Liability Ins. Co. v. Melcher*, 378 Pa. 598, 107 A.2d 874 (1954), stated:

> "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

*Melcher*, 107 A.2d at 876, *citing* Restatement, Restitution § 76.

In the present case, Zurich properly discharged a duty owed by it to Wissahickon under the insurance policy by paying Wissahickon's damages from the fire. Zurich therefore contends that Mr. Eckert may be found liable for the damages caused by the fire. There are no affidavits, depositions, answers to interrogatories, or admissions on file that show any wrongful conduct on the part of Zurich preventing it from pursuing its cause of action against Mr. Eckert. The fact that the insurance policy issued by Zurich to Wissahickon became effective after the date of the lease between Mr. Eckert and Wissahickon should not bar Zurich's right to subrogation unless Zurich was aware or should have been aware that Wissahickon had agreed with its tenant that its insurance policy would "contain waivers of the right of subrogation against lessor and lessee." No countervailing equities have been presented in connection with this motion for summary judgment barring Zurich's right to subrogation.

Although it is generally recognized under the law of Pennsylvania that a subrogee can have no greater rights than its subrogor, *Brinkley v. Pealer*, 341 Pa.Super. 432, 440, 491 A.2d 894, 898 (1985), this principle does not entitle Mr. Eckert to summary judgment in this case. The lease between Mr. Eckert and Wissahickon does not release Mr. Eckert from liability for damages caused by his negligence. In paragraph 15(f) of the lease, Wissahickon merely promised that its insurance policy would "contain waivers of the right of subrogation against lessor and lessee."

It would appear that some states have a rule specifically providing that an insurer is not bound by a waiver of subrogation to which it was not a party and of which it was not aware. *ICC Industries, Inc. v. GATX Terminals Corp.*, 690 F.Supp. 1282, 1286 (S.D.N.Y.1988) (applying New Jersey law); *Seamless Floors by Ford, Inc. v. Value Line Homes, Inc.*, 438 S.W.2d 598, 601–02 (Tex.App.1969); *see also Continental Insurance Co. v. Washeon Corp.*, 524 F.Supp. 34, 36 (E.D.Mo.1981) (admiralty); *Alamo Chemical Transportation Corp. v. M/V Overseas Valdes*, 469 F.Supp 203, 212 (E.D.La.1979) (admiralty).

Zurich's insurance policy specifically provides for subrogation. No facts having been presented showing that Zurich was aware or should have been aware of Wissahickon's promise that its insurance policy would "contain waivers of the right to subrogation against the lessor and lessee", and no equitable reasons having been advanced showing that Zurich should not be permitted to proceed with its subrogation action, the motion for summary judgment of the defendant, Richard Eckert, will be denied.