563 A.2d 973

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Mario MARTINELLI and Mary Martinelli, Appellees.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Thomas B. McCABE and Elizabeth McCabe, Appellees.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,,

v.

Gasper MAGLIENTE and Dorah Magliente, Appellees.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Katherine M. BURRUANO TONER, Appellee.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Annunzio CALVARESE and Rose Calvarese, Appellees.

Commonwealth Court of Pennsylvania.

Argued June 8, 1989.

Decided Sept. 7, 1989.

Carl Vaccaro, Asst. Counsel, Philadelphia, Spencer A. Manthorpe, Asst. Chief Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellant.

James J. Oliver, Cheri Andrews, Wright, Manning, Kinkead & Oliver, Norristown, for appellees.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Montgomery County, dismissing DOT's preliminary objections to the amended petitions for appointment of a Board of View filed by Mario and Mary Martinelli, Thomas and Elizabeth McCabe, Katherine Burruano Toner, Annunzio and Rose Calvarese, and Gasper and Dorah Magliente (Petitioners).[1]

Eminent domain proceedings provide the backdrop for this appeal which requires us to determine whether the trial judge correctly utilized collateral estoppel as authority to dismiss DOT's preliminary objections. A recitation of the facts is necessary to understand the positions of the parties on this appeal.

On August 2, 1985, each of the Petitioners filed a petition for appointment of a Board of View, seeking to recover damages for what they contended was a de facto taking of

---

1. The trial court on its own motion consolidated the petitions of the five parties. N.T. at 5.

their property by the Commonwealth. Specifically, it was alleged that DOT, in a road widening project of DeKalb Pike (Route 202) on April 22, 1974, affected a de facto taking of a 13 foot wide strip of Petitioners' properties along Route 202. DOT filed preliminary objections, asserting that the petitions lacked specificity, that no taking had occurred, and that the present action was barred by the statute of limitations. DOT's objection as to the lack of specificity was sustained. Petitioners then filed separate but identical amended petitions. Petitioners, in their amended petitions, alleged that a Declaration of Taking was never filed, that no compensation had ever been received by Petitioners or their predecessors in title, and that Petitioners first received notice of DOT's intention to condemn a portion of their properties on June 4, 1973.

DOT filed preliminary objections to the amended petitions, once again contending that the statute of limitations had run and that the land in question was not subject to a taking in 1974, but had in fact become Commonwealth property in 1948.[2] DOT supported its contention that the land had become Commonwealth property in 1948 by alleging in the preliminary objections that a highway plan had been filed with the Recorder of Deeds of Montgomery County in 1948.

The Montgomery County trial judge conducted an evidentiary hearing in order to rule upon the factual allegations raised in the amended petitions and DOT's preliminary objections, and to determine when and whether a taking had occurred. At the hearing DOT presented testimony and documents to support its contention that the property in question had been condemned by the state in 1948 and that the present action was therefore barred by the statute of limitations. DOT's testimony was heard, but its acceptance

2. Petitioners filed preliminary objections to DOT's preliminary objections alleging that the October 16, 1986 order which sustained the Commonwealth's objection as to specificity, implicitly dismissed DOT's objections regarding the running of the statute of limitations and that no taking had occurred. On November 30, 1987, Petitioners preliminary objections were dismissed.

into evidence was made contingent upon whether a prior adjudicated case, *Department of Transportation v. McGowan*, 68 Pa.Commonwealth Ct. 599, 450 A.2d 232 (1982), collaterally estopped DOT from relitigating the issue of when the taking occurred.

In *McGowan* two landowners alleged that DOT in a project to widen DeKalb Pike condemned a 13 foot wide strip of their properties for which they were entitled to damages.[3] DOT contended on appeal to this court that the strips of land that allegedly were taken had in fact become Commonwealth property in 1948 pursuant to Section 303 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670-303.[4] This court in considering DOT's appeal found that a plan, which must be filed in accordance with the State Highway Law with the Recorder of Deeds of the appropriate county, was not a part of the record in the case. This court concluded that the Commonwealth failed to establish that a valid condemnation occurred in 1948, and that actual notice of the taking first occurred in 1974.

On September 7, 1988, the trial court dismissed DOT's preliminary objections and refused to accept into evidence any of the proffered documents or testimony presented by DOT, on the grounds that collateral estoppel foreclosed further litigation of the taking issue. DOT filed the present appeals to this court and on January 31, 1989, motions to quash these appeals, filed by Petitioners were denied.

On appeal, DOT contends that the trial court erred as a matter of law in applying the doctrine of collateral estoppel and refusing to admit into evidence testimony and documents on the issue of when the taking occurred. DOT also contends that the trial court erred when it applied the

**3.** The properties which were the subject of litigation in *McGowan* were condemned in the same road widening project as the properties in the cases at bar.

**4.** This section of the State Highway Law was repealed by the Act of December 5, 1979, P.L. 478.

doctrine of collateral estoppel in this case because mutuality of the parties is missing.

■ When called upon to review a trial court order dismissing preliminary objections in eminent domain proceedings, this court's scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Borough of Dickson City v. Malley,* 94 Pa.Commonwealth Ct. 386, 503 A.2d 1035 (1986).

Since application of the doctrine of collateral estoppel is the controlling issue in this case we begin with an examination of the existing law. In Pennsylvania, the doctrine of collateral estoppel is designed to prevent relitigation of a question of law or issue of fact, which has already been litigated in a court of competent jurisdiction. *Mellon Bank v. Rafsky,* 369 Pa.Superior Ct. 585, 535 A.2d 1090 (1987) *allocatur granted* 518 Pa. 650, 544 A.2d 961 (1988). The superior court in *Mellon Bank* noted that "[C]ollateral estoppel may be used as either a sword or a shield by a stranger to the prior action ...", 369 Pa.Superior Ct. at 593, 535 A.2d at 1093, thereby recognizing its potential as a litigation tool in either a defensive or offensive posture. Furthermore, the Pennsylvania Supreme Court has held that mutuality of parties is not necessary to invoke the doctrine. *Estate of Ellis, III,* 460 Pa. 281, 333 A.2d 728 (1975).

■ To invoke collateral estoppel, five elements must be present: 1) the issue decided in the prior case must be identical to the issue in the present case; 2) there was a final judgment on the merits; 3) the issue must be essential to the judgment; 4) the party against whom the estoppel is asserted must have had a full and fair chance to litigate on the merits; and 5) the party against whom the estoppel is asserted must be a party or in privity with a party in the prior case. *Mellon Bank,* 369 Pa.Superior Ct. at 593, 535 A.2d at 1093; *Shaffer v. Pullman Trailmobile, Division of M.W. Kellogg Co.,* 368 Pa.Superior Ct. 199, 533 A.2d 1023

(1987). Keeping this background of collateral estoppel in mind, we proceed to the merits of the cases at bar.

DOT first contends that application of the doctrine of collateral estoppel in the cases before us by the trial court was an error of law. DOT argues that the issue litigated in *McGowan* was limited to the ownership of those two properties. Because different parcels of real property are involved in this appeal, DOT asserts the issue is not identical, therefore the use of collateral estoppel should be barred. At first glance, the subtleness of DOT's suggested limitation on the issue is appealing. We can not agree however that resolution of the issue of whether a taking occurred in *McGowan* should be limited to just that case, when the litigation to resolve that issue and the issue before us necessarily involves the same set of facts. On appeal to the Commonwealth Court in *McGowan*, the crucial issue was "whether a *valid* condemnation of the strips of land in question actually occurred in 1948." *McGowan*, 68 Pa.Commonwealth Ct. at 602, 450 A.2d at 233 (emphasis in original). The properties of the Petitioners are situated among the properties that were subject to the litigation in *McGowan*, in which we concluded that the statute of limitations would not bar an action by these landowners where the Commonwealth did not establish that a valid condemnation of the properties occurred in 1948. *Id.* 68 Pa.Commonwealth Ct. at 605, 450 A.2d at 234. The issue DOT wishes to relitigate in order to sustain its preliminary objections against Petitioners is identical to the issue already decided in *McGowan*.

■ DOT also argues that *McGowan* did not find that a taking had occurred, but rather held that the evidence was inconclusive as to whether a valid condemnation occurred in 1948. It is DOT's contention that given a second chance to litigate this issue it can present more conclusive evidence establishing the 1948 taking. The doctrine of collateral estoppel only requires that a party be given a full and fair chance to litigate the issue. The fact that more conclusive evidence might be presented at a subsequent hearing is

neither sufficient nor relevant grounds for disallowing the application of the doctrine in this Commonwealth.

██ In a careful review of both the *McGowan* case and the cases at bar we conclude that the elements for application of collateral estoppel have been met. When the taking occurred is the identical issue in both cases. DOT had a full and fair chance to litigate the issue, there was a final judgment on the merits, the issue was essential to that judgment, and DOT was a party in the original action. *See, Mellon Bank* and *Shaffer.* Accordingly, we hold that as a matter of law, the trial court did not err in applying the doctrine of collateral estoppel and thereby precluding DOT from relitigating this issue.

██ DOT next contends that the use of collateral estoppel in these cases is unfair and that mutuality of the parties should be required. Petitioners are in an offensive posture as plaintiffs and wish to use the doctrine of collateral estoppel to preclude DOT from relitigating the taking issue. The effect of asserting collateral estoppel is that even though Petitioners were not a party to the first action, they now can use the result of that action in their litigation to their advantage. We are aware that use of collateral estoppel in an offensive posture may be unfair to a defendant in some instances and that it does not promote judicial efficiency in the same manner as collateral estoppel asserted in a defensive posture. *See, Parklane Hosiery Company, Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).[5] Mutuality is a requirement that allows only a party to the first adjudication to assert the doctrine of collateral estoppel in future proceedings. However, DOT has cited us to no authority which requires us to deviate from the rule of *Estate of Ellis, III,* 460 Pa. 281, 333 A.2d 728 (1975), in

5. *Parklane* addresses the application of collateral estoppel in an offensive posture and notes that where a plaintiff could have easily joined an earlier action the trial court should exercise discretion in allowing the use of the doctrine. The issue of whether or not Petitioners could have joined in the *McGowan* case is not before us, therefore we do not have to decide whether the rationale of *Parklane* should be adopted in Pennsylvania.

456

which the requirement of mutuality was abandoned in Pennsylvania civil adjudications. Since mutuality of the parties is not necessary, DOT's argument is without merit.

A second contention by DOT that is integrally related to the first argument, that mutuality should be required in this case, is that mutuality of the parties is necessary whenever the doctrine of collateral estoppel is asserted during in rem proceedings. Specifically, DOT contends that title to the properties has been put at issue in the case before this court, therefore this adjudication is a proceeding in rem. Since title to the properties is involved, DOT wants to limit these proceedings to the property at issue thereby foreclosing the use of collateral estoppel by the Petitioners who were not a party to the first action, involving title to different properties, in *McGowan*.

This argument fails initially because the proceedings before the trial court were not in rem, but rather the court was exercising in personam jurisdiction. Additionally, our supreme court has allowed the use of collateral estoppel in in rem proceedings. *See, Stearns Company v. Hewes*, 256 Pa. 577, 100 A. 1054 (1917). DOT would have us extend the holding in *In Re Estate of DeRoy*, 481 Pa. 403, 392 A.2d 1355 (1978) to the case at bar. This we refuse to do. *DeRoy* limits the the use of collateral estoppel when there has been a change of law prior to the second adjudication. That is not the case before us.

Accordingly, we hold that the trial court did not abuse its discretion when it applied the doctrine of collateral estoppel, and that DOT was properly precluded from relitigating the issue of when the taking occurred. The order of the trial court dismissing the preliminary objections of DOT is affirmed.

ORDER

AND NOW, September 7, 1989, the order of the Court of Common Pleas of Montgomery County in the above-captioned matters is affirmed.