**PRECISION DOOR COMPANY, INC. Plaintiff,**

v.

**MERIDIAN MUTUAL INSURANCE COMPANY, Defendant.**

No. Civ.A.04–CV–1194.

United States District Court, E.D. Pennsylvania.

Jan. 13, 2005.

Daniel J. Zucker, Law Offices of Daniel J. Zucker, Philadelphia, PA, for Plaintiff.

Dennis J. Crawford, Law Offices of Dennis J. Crawford, Audubon, NJ, for Defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

## I. INTRODUCTION

Plaintiff Precision Door Company, Inc. ("Precision Door") brought this action against Defendant Meridian Mutual Insurance Company ("Meridian") for breach of contract and bad faith conduct in denying insurance coverage. Before me is Precision Door's motion for partial summary judgment, which seeks a declaratory judgment in its favor against Meridian for breach of contract and seeks the attorney's fees and costs incurred in a prior declaratory judgment action.

## II. BACKGROUND

The following facts are not disputed. Precision Door is a construction subcontractor who was insured under a commercial general liability policy issued by Meridian. (See Diagram A.) In September of 2000, the time relevant to the contract dispute, Precision Door was providing construction services for a general contractor, L.F. Driscoll Company, Inc. ("Driscoll"). Under the terms of its contract with Driscoll, Precision Door was required to provide insurance coverage for Driscoll. There was also a separate provision with language indicating that Precision Door was obligated to indemnify Driscoll from any claims for injury caused by an act or omission of Precision Door. (See Diagram B.) Precision Door secured Driscoll as an additional insured under Precision Door's policy with Meridian. (See Diagram C.) Driscoll was also insured under a commercial general liability policy issued by the Pennsylvania Manufacturers' Association Insurance Company ("PMA").

Key
M = Meridian          D = Driscoll          N = Naulty
PD = Precision Door   PMA = PMA

Diagram A

M

PD

General liability policy

Diagram B

M

D          PD

Contract governing construction services including provisions indicating that (1) Precision Door must provide insurance coverage for Driscoll and (2) Precision Door must indemnify Driscoll

546

**Diagram C**

Precision Door secured Driscoll as an additional insured under Precision Door's policy with Meridian

On or around September 4, 2000,[1] Thomas Naulty ("Naulty"), a Precision Door employee, was injured while working at the construction site governed by the contract with Driscoll. On June 29, 2001, Naulty filed a complaint against several companies including Driscoll[2] in the Philadelphia Court of Common Pleas, Judge Mary D. Colins presiding, ("the Naulty Action"). *Naulty v. L.F. Driscoll Co.*, No. 1552, May Term 2001 (Pa.Ct.Com.Pl. Aug. 5, 2004). (See Diagram 1.) On October 23, 2001, Driscoll joined Precision Door in the Naulty Action, making the following allegations against Precision Door: (1) Precision Door's negligence caused Naulty's injuries, (2) Precision Door breached the contractual provision requiring Precision Door to indemnify and hold Driscoll harmless and (3) Precision Door breached the contractual obligation requiring Precision Door to obtain insurance coverage for Driscoll. (See Diagram 2.)

**Diagram 1** - The Naulty Action, J. Colins

June 29, 2001: Naulty filed a complaint against several companies including Driscoll

1. This date and the dates that follow, unless otherwise specified, are the dates alleged in the complaint and admitted in the answer. The dates listed in the state court decisions and other documents from the parties do not always correspond with the dates in the complaint and answer. The exact dates are not material to this dispute.

2. Naulty sued the following companies in addition to Driscoll: Wilson and Associates, Nason and Cullen, Inc., The Gerngross, Inc., Harry F. Ortlip Co., Inc.

**Diagram 2** - The Naulty Action, J. Colins

October 23, 2001: Driscoll joined Precision Door alleging (1) negligence, (2) breach of contract - provision about indemnification, and (3) breach of contract - provision about providing insurance coverage

On June 19, 2003, while the Naulty Action was pending, Driscoll and PMA filed a declaratory judgment action against Precision Door and Meridian in the Philadelphia Court of Common Pleas, Judge Alfred J. DiBona, Jr. presiding, ("the Declaratory Judgment Action"). *Pa. Mfr.s' Ass'n Ins. Co., v. Precision Door Co., Inc.,* No. 0024228, June Term 2003 (Pa.Ct.Com.Pl. May 28, 2004).[3] In the Declaratory Judgment Action, Driscoll claimed (1) "Precision [Door], through its commercial general liability carrier, Meridian, has a duty to defend and/or indemnify Driscoll," and breached that duty (2) Precision Door breached its contract by failing to obtain insurance naming Driscoll as an insured, and (3) Meridian and Precision Door "are in breach of the contract between Driscoll and Precision [Door] and in breach of the insurance policy obligations." (Mem. Law Supp. Pl.'s Mot. Partial Summ. J. Ex. C.) (See Diagram 3.) The Declaratory Judgment Action and the Naulty Action proceeded simultaneously for a while.

**Diagram 3** - The Declaratory Judgment Action, J. DiBona

June 19, 2003: Driscoll filed a complaint against Precision Door and Meridian alleging (1) Precision Door breached its contract with Driscoll - the provision about indemnification, (2) Precision Door breached its contract with Driscoll - the provision about providing insurance coverage for Driscoll, and (3) Meridian and Precision Door "are in breach of the contract between Driscoll and Precision [Door] and in breach of the insurance policy obligations"

---

**3.** Both Driscoll and PMA were plaintiffs in the Declaratory Judgment Action, but because PMA's involvement is not relevant to the dispute before me, I will refer only to Driscoll.

In the Naulty Action before Judge Colins, Precision Door and Driscoll filed cross motions for summary judgment. On July 21, 2003, approximately a month after the Declaratory Judgment Action was filed, Judge Colins decided Driscoll's and Precision Door's motions for summary judgment. *Naulty*, No. 1552 at 2. Judge Colins described her decisions regarding the motions for summary judgment in the Court of Common Pleas's Memorandum Opinion issued on August 5, 2004:[4]

> Then, on July 21, 2003, this court granted in part and denied in part the summary judgment motions of defendant Driscoll and additional defendant Precision Door. These motions related to allegations of breach of contract on the indemnification and insurance clauses of the contract between these two parties. The cumulative effect of these orders was to hold Precision Door responsible for paying Driscoll for insurance costs, pursuant to the contract, but deny Driscoll's claim that the contract required Precision to indemnify Driscoll because the language of the contract on indemnification was not sufficiently specific. These orders were based on a meticulous reading of the language contained in the contract between these two parties.

*Naulty*, No. 1552 at 2–3 (internal citations omitted). Thus, in ruling on the summary judgment motions, Judge Colins held that the indemnity provision of the contract was unenforceable, but the provision requiring the procurement of insurance was enforceable and Precision Door breached that part of the contract. *Id.* at 7 (stating, "Initially this court's Order of July 21, 2003 found Precision Door in breach of contract for not providing insurance coverage to Driscoll pursuant to the insurance clause of the subcontract between them"). (See Diagram 4.)

**Diagram 4** - The Naulty Action, J. Colins

N → D → PD

July 21, 2003: Judge Colins dismissed Driscoll's second claim against Precision Door (breach of contract - provision about indemnification), and ruled in favor of Driscoll on their third claim against Precision Door, ( breach of contract - provision about providing insurance coverage)

Subsequently, all of the claims in the Naulty Action settled except for the claim brought by Driscoll against Precision Door. Driscoll's portion of the settlement with Naulty was $450,000. (See Diagram 5.) Driscoll's third-party claim against Precision Door for breach of contract was stayed by agreement of all parties until the conclusion of the Declaratory Judgment Action. *Naulty*, No. 1552 at 4.

---

4. The parties have not provided me with the July 21, 2003 order deciding the motions for summary judgment.

**Diagram 5** - The Naulty Action, J. Colins

N ■■■■ D ⟹ PD

Naulty and Driscoll settled for $450,000

Driscoll's claim against Precision Door for breach of contract (alleging Precision Door's failure to provide insurance coverage for Driscoll) remained

In the Declaratory Judgment Action before Judge DiBona, Meridian initially hired the law firm of Billet & Connor to represent Precision Door. The attorneys from Billet & Connor did not assert a cross-claim against Meridian on Precision Door's behalf. Precision Door provides evidence that six months into the Declaratory Judgment Action, Billet & Connor acknowledged its conflict of interest and withdrew from representing Precision Door.[5] (Pl.'s Answer Opp'n Def.'s "Mot. Clarify" Ex. A.) Precision Door then hired, at its own expense, current counsel Daniel J. Zucker, Esq. ("Zucker"). When Zucker took over

the representation of Precision Door, he moved to file a cross-claim on behalf of Precision Door against Meridian. Judge DiBona denied the request.

The Declaratory Judgment Action concluded in May 2004 finding for Driscoll and against Meridian "in the amounts of $225,000.00 and $107,471.41 for a total award of $332,471.41,"[6] and Precision Door and against Driscoll, and denying Driscoll's request for an award of attorney's fees, costs and interest in the Declaratory Judgment Action. (Mem. Law Supp. Pl.'s Mot. Partial Summ. J. Ex. E.) (See Diagram 6.)

5. At argument before me, defendants alleged that Precision Door fired Billet & Connor. Precision Door has provided evidence supporting their assertion that Billet & Connor withdrew from representing Precision Door after notifying Precision Door of a conflict of interest. (Pl.'s Answer Opp'n Def.'s "Mot. Clarify" Ex. A.) Meridian has provided no evidence to the contrary.

6. $225,000 represents half of Driscoll's settlement with Naulty and $107,471.41 represents half of the defense costs including attorney's fees incurred to defend Driscoll in the Naulty

Action. The other half of the settlement and defense costs were to be paid by PMA. *Naulty*, No. 1552 at 8 (stating that the "parties had agreed that in the event Judge DiBona found Meridian responsible for providing coverage for Driscoll, Meridian would pay one-half of the indemnity paid in settlement of the claims of Thomas Naulty (½ of $450,000.00) and one-half of the defense costs of the underlying action (½ of $214,942.00 [sic]) for a total of $332,471.00 [sic]. This stipulation was based on the fact that Meridian and PMA were on a co-primary basis").

**Diagram 6** - The Declaratory Judgment Action, J. DiBona

May 2004:
(1) Finding for Driscoll against Meridian in the amounts of $225,000.00 and $107,471.41 for a total award of $332,471.41
(2) Finding for Precision Door against Driscoll
(3) Denying Driscoll's request for attorney's fees and costs incurred in this Declaratory Judgment Action

Judge Colins then addressed the remaining issues in the Naulty Action: (A) Driscoll's request that the court order Precision Door to pay Driscoll's attorney's fees incurred in the Declaratory Judgment Action, (B) Driscoll's request that the court find Precision Door liable for damages flowing from Precision Door's breach in not providing insurance coverage to Driscoll pursuant to the contract between them, and (C) Driscoll's request that the court order Precision Door to pay Driscoll's attorney's fees incurred in the last approximately one year of the Naulty Action. *Naulty*, No. 1552 at 5–9.

Judge Colins denied Driscoll's request for attorney's fees in the Declaratory Judgment Action:

In order to recover attorney's fees in a declaratory judgment action, it is necessary to show that the insurer refused in bad faith to indemnify the insured in the underlying case. . . . In this case, Driscoll's counsel acknowledged that Driscoll did not allege or prove bad faith on the part of Meridian in the declaratory judgment action. Therefore, attorney's fees

were not recoverable in that action and this court cannot now award them.

*Id.* at 5–7 (citations omitted). Driscoll's request for damages pursuant to Precision Door's breach was granted as follows:

For the reasons set forth below, this court now finds that Precision Door is liable to Driscoll for the amount of $332,471.00. . . . This court's assessment of damages is made in the context of the findings in the [D]eclaratory [J]udgment [A]ction. The [D]eclaratory [J]udgment [A]ction determined that Precision Door's insurance policy with Meridian provided coverage to Driscoll in the amount of $332,471.00. Therefore, this court finds that Precision Door is liable to Driscoll for the amount of $332,471.00 due to its breach in not providing this coverage to Driscoll in the *Naulty* action. This is the most for which Precision Door can be held responsible since this is the amount for which the insurance policy with Meridian provided. To the extent that this sum is paid by Precision Door's insurer, Meridian, Precision Door's obligation pursuant to this

court's accompanying Order is satisfied.... This court's ruling on damages flowing from Precision Door's breach is consistent with Judge DiBona's ruling.... Judge DiBona's ruling in favor of Precision Door was based on the fact that no evidence was introduced against Precision Door. As this court's Order had determined Precision Door's liability prior to the commencement of the trial in the [D]eclaratory [J]udgment [A]ction, Driscoll proceeded solely against Meridian in that trial and did not offer any evidence on Precision Door's liability.... Therefore, this court's July 2003 Order, which found Precision Door in breach of contract, is fully consistent with Judge DiBona's Order of May 28, 2004.

*Id.* at 7–9. Driscoll's request for attorney's fees in the last year of the Naulty Action was granted in the amount of $10,106.50 because "the insured can recover attorney's fees and costs incurred in the underlying action." *Id.* at 9–10. (See Diagram 7.)

**Diagram 7** - The Naulty Action, J. Colins

D —— PD

(A) Denying Driscoll's request for attorney's fees incurred in the Declaratory Judgment Action
(B) Finding Precision Door liable for damages from Precision Door's breach (to the extent not paid by Meridian)
(C) Finding Precision Door liable for Driscoll's attorney's fees incurred in the last part of this Naulty Action

In March 19, 2004, Precision Door filed the present action. In the present case, Precision Door brings two claims: Count I for breach of contract based on Meridian's refusal to defend and indemnify Driscoll in the Naulty Action, Meridian's refusal to indemnify Precision Door in the Naulty Action, Meridian's refusal to defend Precision Door in the latter stages of the Declaratory Judgment Action, and Meridian's failure to act in good faith; and Count II for bad faith in denying coverage owed "on behalf of Precision [Door]"[7] without any reasonable basis. Precision Door filed a motion for partial summary judgment seeking judgment in their favor as to Count I of its complaint. I now grant in part and deny in part Precision Door's motion for partial summary judgment.

### III. JURISDICTION AND CHOICE OF LAW

■ Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332. When a federal district court exercises diversity jurisdiction, it must apply the substantive law as decided by the highest court of the state whose law governs the action. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The

---

7. Precision Door alleges that coverage owed on behalf of Precision Door includes defending and indemnifying Driscoll in the Naulty Action and providing attorney's fees and costs to Precision Door in the Declaratory Judgment Action.

parties agree that Pennsylvania law governs the present dispute.

## IV. STANDARD OF REVIEW

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). There is a "genuine" issue if the evidence would permit a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## V. DISCUSSION

Precision Door's motion for summary judgment as to Count I of its complaint seeks a judgment in its favor against Meridian for breach of contract and, in addition, attorney's fees incurred in the latter part of the Declaratory Judgment Action.

## A. Breach of Contract

The contract at issue in Count I, the breach of contract claim, is the insurance policy between Precision Door and Meridian. Count I alleges the following incidents of breach of contract:

a. Failing to defend and indemnify Driscoll in the Naulty Action;

b. Failing to indemnify Precision in the Naulty Action;

c. Failing to defend and indemnify Precision in the Declaratory Judgment Action;

d. Failing to pay Precision's costs and attorney's fees in the Declaratory Judgment Action;

e. Failing to deal fairly with Precision in the performance of its insurance obligations; and

f. Breaching its duty of good faith and fair dealing.

(Compl.¶ 44.) Precision Door argues that I should find that Meridian breached its duties under its insurance policy with Meridian based on Judge DiBona's decision in the Declaratory Judgment Action. Of the incidents of breach of contract that Precision Door alleges, only the first, failing to defend and indemnify Driscoll in the Naulty Action, was before Judge DiBona in the Declaratory Judgment Action.[8]

■ Precision Door contends that because Judge DiBona decided in favor of Driscoll and against Meridian on Driscoll's coverage claim against Meridian, his judgment that Meridian breached the policy is binding on Meridian in the present action. Precision Door is correct. In Pennsylvania, "collateral estoppel is designed to prevent relitigation of a question of law or issue of fact, which has already been litigated in a court of competent jurisdiction." *Commonwealth, Dep't of Transp. v. Martinelli,* 128 Pa.Cmwlth. 448, 563 A.2d 973, 976 (1989) (citation omitted). Collateral estoppel may be used offensively or defensively. *Id.* The Pennsylvania Supreme Court has defined offensive collateral estoppel as "when the 'plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party.'" *Shaffer v. Smith,* 543 Pa. 526, 673 A.2d 872, 874 (1996) (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). *Shaffer* held:

[A] plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudi-

---

**8.** Because there were no claims by Precision Door against Meridian in the Declaratory Judgment Action, Judge DiBona had no chance to address any of Precision Door's current allegations against Meridian. Nor were any of these issues before Judge Colins because Precision Door never joined Meridian in that action.

cation was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Id.*

█ In the present case, Precision Door seeks to prevent relitigation of the question of whether Meridian breached various duties under the insurance policy. This plea of collateral estoppel is valid as to Meridian's breach of its duty to defend and indemnify Driscoll in the Naulty Action because (1) Judge DiBona decided the claim against Meridian for breach of the insurance policy obligations to Driscoll, which is the claim before me in the present action, (2) his decision was a final judgment on the merits, (3) Meridian, the party against whom the plea of collateral estoppel is being asserted, was a party in the Declaratory Judgment Action, and (4) Meridian had a full and fair opportunity to litigate the issue in the Declaratory Judgment Action. However, Judge DiBona did not consider whether Meridian breached any duties toward Precision Door and, therefore, collateral estoppel is only applicable as to Meridian's duty to defend and indemnify Driscoll.

In discussing offensive collateral estoppel in particular, a recent Pennsylvania Superior Court decision listed additional considerations:

when a plaintiff seeks to employ the doctrine offensively, courts must also consider whether (1) plaintiff had an opportunity to join the earlier action, (2) the defendant had an incentive to defend the first action vigorously, (3) the judgment relied upon as a basis for collateral estoppel is inconsistent with one or more previous judgments in favor of the defendant, and (4) the second action would afford the defendant procedural opportunities unavailable in the first action that could produce a different result.

*Toy v. Metropolitan Life Ins. Co.*, 2004 PA Super 404, 863 A.2d 1, 15 (2004) (citation omitted). These additional considerations do not change the result in the present case. The first consideration, opportunity to join the earlier action, appears to weigh against allowing offensive collateral estoppel, because Precision Door was a party to the prior action and could have filed a cross-claim against Meridian at the outset. However, the ability of a plaintiff to join an earlier action is relevant only to the extent that it would be unfair to a defendant to allow a potential plaintiff to wait to see if the defendant would be collaterally estopped before bringing its action. *Id.* The Pennsylvania Superior Court in *Toy* wrote, "the general rule should be that in cases where a plaintiff could easily have joined the earlier action or where, either for the [aforementioned] reasons . . . or for other reasons, the application of offensive collateral estoppel would be unfair to a defendant, a trial judge should not allow the use of collateral estoppel." *Id.* (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Because Precision Door was represented by counsel chosen by Meridian at the stage in the trial in which it could have asserted a cross-claim against Meridian, it is possible that the failure to assert the cross-claim can be attributed in part to Meridian.[9] For that reason, it is not unfair to Meridian to allow the present application of offensive collateral estoppel.

---

9. At a later stage of the litigation when Precision Door obtained its own chosen counsel, new counsel attempted to file a cross-claim against Meridian. Judge DiBona denied this late request of Precision Door to amend its answer to file against Meridian.

The other three considerations unequivocally weigh in favor of allowing offensive collateral estoppel: Meridian had an incentive to defend itself vigorously in the Declaratory Judgment Action since it was exposed to and judged liable for over $300,000; there were no previous decisions in favor of Meridian since Meridian was not a party to the Naulty Action; and Meridian has not pointed to any procedural opportunities in the present action that were unavailable in the Declaratory Judgment Action. Therefore, application of collateral estoppel to Judge DiBona's finding as to Meridian's breach is appropriate.

■ The issue still remains as to whether Precision Door can sue Meridian for Meridian's breach of its duty to defend and indemnify Driscoll. Meridian admitted in its answer that Precision Door secured Driscoll as a named insured on its insurance policy with Meridian. (Answer ¶¶ 10 & 13). When Driscoll was added as a named insured, the original insurance policy between Precision Door and Meridian became a third-party beneficiary contract in which Meridian promised Precision Door that it would defend and indemnify both Precision Door and Driscoll. Precision Door is the promisee, Meridian is the promisor, and Driscoll is the intended third-party beneficiary. Therefore, the question is whether a promisee (Precision Door) can sue a promisor (Meridian) for the promisor's failure to provide a benefit to the intended third-party beneficiary (Driscoll).

A Third Circuit decision applying Pennsylvania law stated, "both a promisee and an intended third party beneficiary may sue to enforce a contract." *Sanford Inv. Co., Inc. v. Ahlstrom Mach. Holdings, Inc.,* 198 F.3d 415, 422 (1999) (citing a Third Circuit case applying Illinois law and section 305 of the Restatement (Second) of Contracts). In the present case, that means that both Precision Door and Driscoll may sue to enforce the insurance policy with Meridian. Section 305 of the Restatement (Second) of Contracts, entitled "Overlapping Duties to Beneficiary and Promisee," provides that a promisor has a duty to a promisee for performance to the third-party beneficiary:

(1) A promise in a contract creates a duty in the promisor to the promisee to perform the promise even though he also has a similar duty to an intended beneficiary.

(2) Whole or partial satisfaction of the promisor's duty to the beneficiary satisfies to that extent the promisor's duty to the promisee.

*Restatement (Second) of Contracts* § 305 (2004). This indicates that Meridian has overlapping duties to both Driscoll, the beneficiary, and Precision Door, the promisee. The second part of section 305 indicates that once Meridian's duty is satisfied in whole or in part as to the beneficiary, Driscoll, Meridian's duty to the promisee, Precision Door, is also satisfied to the same extent. Although there is evidence before me as to the judgments in the previous actions, the parties have provided no evidence as to whether the judgments were paid and the duties satisfied. Precision Door can sue Meridian for breaching its duties to defend and indemnify Driscoll, but it is unclear what Precision Door's recovery will include.

Applying collateral estoppel, I find that Meridian failed to defend and indemnify Driscoll as required by the insurance policy. That failure constitutes a failure to perform the obligations of the insurance policy with Precision Door that listed Driscoll as an additional insured. I grant Precision Door's motion for summary judgment as to the declaratory judgment that Meridian breached its duty to defend and indemnify Driscoll under the insurance policy.

## B. Attorney's Fees Incurred in the Declaratory Judgment Action

The only form of remedy sought in this motion for summary judgment is attorney's fees and costs incurred in the latter portion of the Declaratory Judgment Action, which are the fees incurred after Billet & Connor, whose representation of Precision Door was paid for by Meridian, ceased to represent Precision Door in the Declaratory Judgment Action. Precision Door presents two legal theories to justify this award. The first theory is based on its calculation of damages for the breach of contract and the second is based on the doctrine of equitable estoppel. Neither legal theory entitles Precision Door to attorney's fees and costs incurred in the Declaratory Judgment Action at this stage in the proceedings.

### 1. Attorney's Fees as a Consequence of Breach of Insurance Contract

Precision Door contends that the appropriate remedy for Meridian's breach of its duty to defend and indemnify Driscoll under the insurance policy consists of the attorney's fees and costs that Precision Door incurred in the Declaratory Judgment Action after Billet & Connor withdrew. Precision Door argues that the claims against Precision Door in the Declaratory Judgment Action resulted from Meridian's failure to defend and indemnify Driscoll in the Naulty Action and that the costs that Precision Door incurred in the Declaratory Judgment Action are recoverable as consequential damages.

In Pennsylvania, unless the facts of a case come within a few narrow exceptions, attorney's fees are not recoverable as a component of damages. *Mosaica Academy Charter School v. Commonwealth,* 572 Pa. 191, 813 A.2d 813, 822 (2002); *see also Commonwealth, Dep't of Transp. v. Manor Mines, Inc.,* 117 Pa. Cmwlth. 342, 544 A.2d 538, 543 (1988) *aff'd,* 523 Pa. 112, 565 A.2d 428 (1989). As early as 1906, the Supreme Court of Pennsylvania stated, "Over and over again we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same." *Smith v. Equitable Trust Co. (No. 1),* 215 Pa.413, 64 A.591, 592 (1906). Since that time, the Supreme Court of Pennsylvania has recognized three exceptions to the general rule against allowing the recovery of attorney's fees: (1) express statutory authorization, (2) a clear agreement of the parties, or (3) some other established exception. *Mosaica Academy Charter School,* 813 A.2d at 822 (citing *Lavelle v. Koch,* 532 Pa. 631, 617 A.2d 319 (1992)); *see also Int'l Org. Master, Mates and Pilots of America, Local No. 2 v. Int'l Org. Masters Mates and Pilots of America, Inc.,* 497 Pa. 102, 439 A.2d 621, 627 (1981).

#### a. Express Statutory Authority

The first exception to the general rule prohibiting the award of attorney's fees is express statutory authority. One recognized statutory exception is the Declaratory Judgment Act, 42 Pa.C.S.A. §§ 7531–7541, in particular sections 7538(a) and 7541.[10] While it is true that

---

10. Section 7538(a) provides:
Judicial relief based on a declaratory judgment or decree may be granted whenever necessary or proper, subject to Chapter 55 (relating to limitation of time). If an application for supplemental relief is deemed sufficient the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a previously entered declaratory judgment or decree to show cause why further relief should not be granted.
Section 7541 provides in relevant part:
(a) General rule.—This subchapter is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty

the Declaratory Judgment Act, 42 Pa. C.S.A. § 7531 *et seq.*, contains no specific authorization for an award of attorney's fees, "the Act has been 'declared to be remedial ... and is to be liberally construed and administered.'" *Kelmo Enterprises, Inc.*, 285 Pa.Super. 13, 426 A.2d 680, 683 (1981) (quoting 42 Pa.C.S.A. § 7541(a)). After studying the statutory language of the Declaratory Judgment Act and considering the decisions in other jurisdictions, the Pennsylvania Superior Court in *Kelmo* held "that an insured who is compelled to bring a declaratory judgment action to establish his insurer's duty to defend an action brought by a third party may recover his attorney's fees incurred in the declaratory judgment action if the insurer has, in bad faith, refused to defend the action brought by the third party." *Id.* at 685.

The Pennsylvania Supreme Court has not addressed the exact issue before the Superior Court in *Kelmo*. But it did address the question of whether or not the Declaratory Judgment Act permitted an award of attorneys' fees for a declaratory judgment action that arose from a dispute as to the parties obligations under a new piece of groundbreaking legislation. *Mosaica Academy Charter School v. Commonwealth*, 572 Pa. 191, 813 A.2d 813, 824 (2002). In *Mosaica Academy Charter School*, the Pennsylvania Supreme Court referred to *Kelmo* approvingly while noting that the court in *Kelmo* awarded attorneys' fees to enforce its previously entered declaratory judgment while Mosaica sought attorneys' fees and costs as "ancillary relief." *Id.* It examined the facts of *Kelmo* and determined that *Kelmo* was not applicable to the facts before it, and it

stated that it did not find the ruling in *Kelmo* to be erroneous. *Id.* In describing the limited nature of *Kelmo*, the Pennsylvania Supreme Court in *Mosaica Academy Charter School* wrote:

> The *Kelmo* court recognized the general rule against the imposition of counsel fees, but held that it would be anomalous to grant an insured attorneys' fees expended in defense of the underlying tort action, but to deny the fees in an action brought to vindicate the contractual duty to defend. Accordingly, it held that "an insured who is compelled to bring a declaratory judgment action to establish his insurer's duty to defend an action brought by a third party may recover his attorneys' fees incurred in the declaratory judgment action if the insurer has, in bad faith, refused to defend the action brought by the third party."

*Mosaica Academy Charter School*, 813 A.2d at 824 (citations omitted).

The Pennsylvania Supreme Court has not provided further guidance on this issue. However, a Pennsylvania Superior Court case from 2004 states that the line of holdings following *Kelmo* "emphasizes that only the rather limited circumstances of an insurer's unreasonable and bad faith refusal to defend and indemnify require awarding attorneys' fees to effectuate a declaratory judgment." *Regis Ins. Co. v. Wood*, 2004 PA Super 209, 852 A.2d 347, 351 (2004). In addition, although the facts in *Kelmo* involved a party who brought a declaratory judgment action, the reasoning in *Kelmo* indicates that the holding applies to "the prosecution or defense of a declaratory judgment action." *Kelmo Enterpris-*

and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered.

(b) ... Where another remedy is available the election of the declaratory judgment

remedy ... shall not affect the substantive rights of the parties, and the court may ... take such other action as may be required in the interest of justice.

*es, Inc.,* 426 A.2d at 684; *Regis Ins. Co.,* 852 A.2d at 351. Based upon these statements, I predict that the state's highest court will follow the same reasoning as the appellate court and uphold the application of *Kelmo* to a limited group of declaratory judgment actions.

In the present case, Precision Door points to the Declaratory Judgment Act as statutory authorization for awarding attorney's fees incurred in the Declaratory Judgment Action. The issue is whether the ability to recover attorney's fees under the Declaratory Judgment Act, extends to the unusual circumstances of the present case. *Kelmo* allows the recovery of attorney's fees in a declaratory judgment action if the following requirements are met: (1) the party seeking to recover attorney's fees defended against or prosecuted the insurer in a declaratory judgment action to determine the insurer's duties to defend and indemnify the former in an action by a third party, and (2) the insurer failed to defend and indemnify the party seeking to recover attorney's fees in bad faith. *See Mosaica Academy Charter School,* 813 A.2d at 824; *Regis Ins. Co.,* 852 A.2d at 351. In the present case, Driscoll met the first requirement to fit within the *Kelmo* exception because it prosecuted the insurer in a declaratory judgment action to determine the insurer's duties to defend and indemnify Driscoll in an action by a third party. If it had alleged and proved that Meridian refused to defend or indemnify Driscoll in bad faith, Driscoll would have been entitled to recover attorney's fees and costs for the Declaratory Judgment Action.[11] Although Precision Door's posture in the Declaratory Judgment Action was slightly different than Driscoll's,

Precision Door should be afforded the same opportunity.

The Superior Court in *Kelmo* determined that for cases in which an insurance company's bad faith breach of a duty to defend or indemnify caused a declaratory judgment action to be brought, attorney's fees were the type of relief contemplated by the Declaratory Judgment Act because "it would be anomalous to allow an insured attorneys' fees expended in defense of the underlying tort action but to deny the fees in an action brought to vindicate the contractual duty to defend." *Kelmo Enterprises, Inc.,* 426 A.2d at 684. For the same reason, Precision Door should be entitled to attorney's fees and costs in the Declaratory Judgment Action if it can demonstrate bad faith. The Declaratory Judgment Action was an action to vindicate Meridian's contractual duty to defend, and Judge DiBona did, in fact, decide Meridian's responsibilities to Driscoll, which determined Meridian's responsibilities to Precision Door through collateral estoppel. Furthermore, Precision Door was dragged into that litigation because of Meridian's failure to cover Driscoll. I predict that in these circumstances, the Pennsylvania Supreme Court would require Meridian to pay its initial insured, Precision Door, the attorney's fees Precision Door incurred in the Declaratory Judgment Action if Meridian acted in bad faith.

Although Precision Door may be able to recover attorney's fees and costs, it cannot recover them at this stage in the proceedings because it has failed to demonstrate that there are no genuine issues of material fact as to whether Meridian acted in bad faith or not.[12]

---

**11.** Judge Colins explained that Driscoll could not recover attorney's fees incurred in the Declaratory Judgment Action under *Kelmo,* because it failed to allege or prove that Meridian's refusal to defend or indemnify Driscoll in the Naulty Action was in bad faith.

**12.** Evidence that Meridian relied on a policy exclusion that was not applicable in the Naulty Action does not conclusively demonstrate bad faith, unless such reliance was undisputedly unreasonable or malicious. *Regis Ins. Co.,* 852 A.2d at 352.

### b. Clear Agreement between the Parties

■ The second exception to the general rule against awarding attorney's fees permits courts to award attorney's fees when there is a clear agreement between the parties that attorney's fees will be awarded, such as an agreement that attorney's fees will be awarded as a component of damages if incurred during a declaratory judgment action to establish a party's rights under the contract. The Superior Court has instructed that courts should determine whether any portion of an insurance policy would require the insurer to defend the insured in a declaratory judgment action. *American Indep. Ins. Co. v. E.S.*, 2002 PA Super 289, 809 A.2d 388, 393–94 (2002). Regarding attorney's fees in insurance disputes, the Pennsylvania Superior Court held that "[o]nly a duty under the insurance policy, a contractual duty, would cause [the insurance company] to have any obligation to defend [the insured] in the instant declaratory judgment action." *Id.*

The insurance policy between Meridian and Precision Door stated that Meridian had the "right and duty to defend the insured against any 'suit' seeking [damages because of 'bodily injury' or 'property damage' to which this insurance applies]." (Commercial General Liability Coverage Form at 1.) The contract defines "suit" as "a civil proceeding in which damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." (*Id.* at 13.) The plain language of the policy restricts the duty to defend to suits for damages by injured parties and not suits to determine whether the insurer must cover a claim. There is nothing in the insurance policy stating that legal fees incurred in a declaratory judgment action to determine insurance coverage are recoverable as a direct loss incident to a breach of the policy.[13] Because, there is no clear or specific language in the agreement between Precision Door and Meridian that would permit the award of attorney's fees in a declaratory judgment action, attorney's fees cannot be awarded under their agreement.

### c. Established Exceptions

The third exception to the general rule permits recovery of attorney's fees if there are circumstances fitting within discrete, established exceptions to the general rule. Some jurisdictions have an established exception regarding the enforcement of insurance policies. These jurisdictions hold that legal fees incurred in a declaratory judgment action to determine insurance coverage constitute a direct loss incident to the breach of contract and are recoverable by an injured party. *Kelmo Enterprises, Inc.*, 285 Pa.Super. 13, 426 A.2d 680, 684–85 (1981) (citations omitted). Pennsylvania has no such exception unless there is bad faith and the Declaratory Judgment Act applies. *Id.* at 685.

Precision Door points to the holding in *Borough of Wilkinsburg v. Trumbull–Denton Joint Venture and CNA*, 390 Pa.Super. 580, 568 A.2d 1325 (1990), as authority for allowing Precision Door to recover attorney's fees incurred in the Declaratory Judgment Action as a part of damages for breach of contract. In *Borough of Wilkinsburg*, the general contractor for a highway construction project ("the contractor"), the defendant, was insured by

---

**13.** Furthermore, while the holding of the court in the Declaratory Judgement Action does not bind Precision Door due to *res judicata* or collateral estoppel, that court looking at the same insurance provisions decided not to award attorneys' fees to Driscoll (who is a co-insured and subject to the same provisions as Precision Door under the contract) in the Declaratory Judgment Action. (Mem. Law Supp. Pl.'s Mot. Partial Summ. J. Ex. E.)

CNA, an insurance company. The Borough of Wilkinsburg ("Wilkinsburg"), the plaintiff, entered into a contract with the contractor to use Wilkinsburg's off-duty police officers to regulate traffic that was rerouted due to the construction. That contract also required the contractor to add Wilkinsburg to the insurance policy with CNA as an additional insured. *Id.* at 1325. The contractor failed to add Wilkinsburg as an additional insured to its insurance policy with CNA. *Id.* An accident occurred and a injured third party brought suit against Wilkinsburg. *Id.* Because the contractor had not added Wilkinsburg to the CNA policy, Wilkinsburg's general liability insurer, Guaranty National Insurance Company, had to provide a defense. *Id.* Wilkinsburg then brought a breach of contract suit against the contractor to recover the costs that Guaranty National Insurance Company incurred defending Wilkinsburg in the underlying suit brought by the injured third party. *Id.* The Pennsylvania Superior Court in *Borough of Wilkinsburg* held that "[w]here a party breaches an agreement to obtain insurance, the breaching party is liable for the full amount of the damages sustained." *Id.* at 1326. The court calculated the full amount of the damages sustained by Guaranty National Insurance Company as including the settlement, attorney's fees, and costs in the suit by the injured third party. *Id.* at 1325. Wilkinsburg did not seek attorney's fees for the breach of contract suit against the contractor. Precision Door's reliance on this case is misplaced.

The Pennsylvania Superior Court in *Borough of Wilkinsburg* did not make any determination as to whether an insured may recover attorney's fees and costs incurred in a declaratory judgment action. It determined that attorney's fees incurred in the suit brought by the injured party were part of the damages that flowed from the contractor's breach of contract. This ruling does not create a new "established

exception" to the general rule against awarding attorney's fees. Rather, the ruling in *Borough of Wilkinsburg* is consistent with the existing exceptions articulated in the Pennsylvania Supreme Court's decision in *Mosaica Academy Charter School* because it fits within the second exception: a clear agreement between the parties. Although the language of the contract was not quoted in the opinion, the opinion indicates that the contract bargained for by the parties required the contractor to name Wilkinsburg as an additional insured so that the insurance company would "protect [plaintiff] and its agents from claims arising from operations under the contract." *Borough of Wilkinsburg*, 568 A.2d at 1325. This constituted a clear agreement between Wilkinsburg and the contractor to provide for defense costs that Wilkinsburg might incur in a suit brought by an injured party for a claim arising from operations under the contract. *Borough of Wilkinsburg* does not provide Precision Door with a new avenue to recover attorney's fees incurred during the Declaratory Judgment Action. In fact, the Pennsylvania Superior · Court in *Borough of Wilkinsburg* did not even address the issue of whether attorney's fees incurred in a declaratory judgment action would be recoverable—it merely addressed the issue of whether attorney's fees incurred in an underlying suit brought by an injured party were recoverable.

*Borough of Wilkinsburg* does not apply to the dispute before me. Therefore, Precision Door has not satisfied any of the requirements that would allow me to except this case from the general rule against awarding attorney's fees as damages for the breach of contract at this stage in the proceedings.

## 2. Equitable Estoppel

■■ Precision Door also presents an alternative argument seeking attorney's

fees and costs. Precision Door argues that even if Meridian did not, in fact, have a duty to pay attorney's fees and costs incurred by Precision Door in the Declaratory Judgment Action, Meridian should be equitably estopped from denying such a duty because it initially acted as though it had such a duty. The Supreme Court of Pennsylvania has defined equitable estoppel:

> Equitable estoppel, a doctrine sounding in equity, acts to preclude one from doing an act differently than the manner in which another was induced by word or deed to expect. It "arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts."

*Zitelli v. Dermatology Educ. and Research Found.*, 534 Pa. 360, 633 A.2d 134, 139 (1993) (citations omitted). The two elements of estoppel are (1) a party intentionally or through culpable negligence induces another to believe certain facts to exist and (2) such other rightfully relies on such belief so that he or she will be prejudiced if the former denies those facts. *Id.*

In this case, Precision Door argues that Meridian's retention and payment of Billet & Connor to defend Precision in the Declaratory Judgment Action and Meridian's failure to notify Precision of the conflict between Meridian and Precision "induced Precision to rely on the belief that its interests were being protected." (Mem. Law Supp. Pl.'s Mot. Partial Summ. J. at

5.) Because Meridian paid the defense costs for Precision Door for the first six months of the Declaratory Judgment Action, Precision Door may have been induced to believe that Meridian would pay Precision Door's defense costs. The inducement may also have been done intentionally or with culpable negligence. Precision Door, however, fails to meet the second element. Even if it relied upon the belief that Meridian had a duty to pay Precision Door's defense costs, Precision Door has presented no facts that indicate that it was prejudiced by such reliance. Precision Door, of course, incurred the expense of hiring an attorney for the latter part of the litigation, but there is no evidence that the cost of hiring new counsel was any higher than what it would have been if Meridian had simply denied the duty from the beginning.[14] Therefore, Precision Door has not met both of the prongs of equitable estoppel.

Plaintiff also argues for attorney's fees on the basis that it was prejudiced because a cross-claim against Meridian for its breach of contract and bad faith should have been asserted on behalf of Precision Door in the Declaratory Judgment Action. Precision Door's failure to assert a cross-claim at the beginning of the Declaratory Judgment Action may be attributable to Billet & Connor's omission. If that is true, that failure was a consequence of Meridian defending Precision Door, not a consequence of Meridian's failure to defend Precision Door. Damages from such a failure in performance by Billet & Connor cannot be the basis for awarding attorney's fees incurred by the lawyer who assumes representation thereafter.[15]

---

**14.** There is no evidence, for example, that Precision Door was forced to pay a premium to hire an attorney on short notice as a consequence of its reliance on the belief that Meridian would provide for its defense.

**15.** There may be other remedies for the failure of adequate representation regardless of who assumed payment for the representation. That issue is not before me.

## VI. CONCLUSION

Precision Door's motion for partial summary judgment is granted in part and denied in part. It is granted in that Meridian is bound by Judge DiBona's finding that Meridian breached its duty to defend and indemnify Driscoll under the insurance policy between Precision Door and Meridian. It is denied in that I make no judgment as to other allegations of Meridian's breach. It is also denied as to Precision Door's request for attorney's fees and costs incurred in the Declaratory Judgment Action.

### *ORDER*

**AND NOW**, this 13th day of January, 2005, it is **ORDERED** that plaintiff's motion for partial summary judgment (Docket # 9) is **GRANTED IN PART** in that Meridian is bound by Judge DiBona's finding that Meridian breached its duty to defend and indemnify Driscoll under the insurance policy between Precision Door and Meridian and **DENIED IN PART** as to all other requests including Precision Door's request for attorney's fees and costs incurred in the Declaratory Judgment Action, without prejudice.